# City of Mobile *v.* Mobile Light & Railroad Company.

## *Bill in Equity to enforce Lien for Street Paving.*

1. *Street paving; mode of ascertaining proportion due by street railroad under charter of Mobile.*—Under the provisions of the charter of the city of Mobile, which authorizes the pavement of streets of the city, and which provides that a street railroad company maintaining its tracks upon any streets so paved should pay "the cost of paving between and under the rails of such tracks and 18 inches on either side of such tracks, including switches and turnouts," (Acts 1900-01, pages 2342 to 2401), a street railroad company constructed upon any street that may be paved under its charter, is only liable for the cost of paving between its rails and for 18 inches on each side of them, and this cost cannot be made to include underground drainage or curbing placed on the side of the street more than 18 inches from the rails of the street railroad company.

2. *Same; same.*—Under the provisions of said charter of the city of Mobile, where certain streets are paved and a portion of said streets is occupied by street railroad tracks, the city in making the assessment against the street railroad company for the cost of paving, as provided by the charter cannot consolidate the cost of the entire work, including the curbing, storm and surface water drainage and paving, and charge the railroad company with such proportion of the entire work as the number of square yards of paving between its track

and within 18 inches on either side bears to the entire number of square yards of paving in the entire district.

3. *Same; same; when assessment not conclusive; notice necessary.* Under the provisions of said charter of the City of Mobile, which provides for the assessment and collection of the cost of paving from a street railroad company of its proportionate share of the cost of paving said street, as fixed in the charter, such assessment shall be made and collected in the same manner as is provided for as to other property owners, and by the charter notice being required to be given, both by publication in a newspaper and by mailing a notice to each abutting property owner, an assessment being made against a street railroad company without mailing it notice, is not conclusive against said company.

APPEAL from the Chancery Court of Mobile

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the City of Mobile against the Mobile Light & Railroad Company for the purpose of establishing and enforcing a lien upon certain portions of the defendant's street railroad track laid upon certain streets in the city of Mobile, for the payment of said street railroad company's portion of the cost of paving certain streets.

It was averred in the bill that under and by virtue of the powers conferred by the charter of the city of Mobile, as enacted by the Legislature, and approved on March 5, 1901, (Acts 1900-01, pp. 2342 to 2401), said city, through its board of public works, paved certain designated streets; that said paving included the paving, rolling, the concrete foundation, the retaining curbing on each side of the street so paved, and the underground storm and surface water drainage laid under said streets; that each of these items was essential and integral parts of paving said streets, and entered into the assessment made by the board of public works of said city against the property abutting on said paved streets and against the defendant; that the Mobile Light & Railroad Company had its tracks laid in and upon and operated over some portion of the streets so paved; that in making the apportionment of the assessment for paving said streets against the Mobile Light & Railroad Company, the city charged said Light &

Railroad Company with such portion of the entire work as the number of square yards of paving between its track and within 18 inches on each side thereof bore to the entire number of square yards of paving all of said named streets. It was then averred in said bill that in proceeding to pave said streets and levy the assessment against the defendant, the city of Mobile acted in ac-cordance with sections 85 to 90, both inclusive, of the charter of the city of Mobile, above referred to; that af-ter making a preliminary assessment, such assessment was kept on file for public inspection, and ten days' no-tice by publication in a newspaper was given, and there was also mailed a notice to each of the abutting prop-erty owners as to the assessment levied against his property; that there was a hearing granted to all who objected to such assessment, and that under section 88 of said charter all portions of said preliminary assess-ment which were not objected to within the time stated in said notice became final and binding; that the Mobile Light & Railroad Company filed no objection to said preliminary assessment, and said assessment as to said company became final and binding. The prayer of the bill was for the establishment of a lien in favor of the city upon the tracks of the Mobile Light & Railroad Company, and that if the assessment so made against said company was not paid within thirty days from the rendition of the decree, that such portion of the track of the defendant be sold. The defendant demurred to the bill upon many grounds, which may be summarized as follows: 1. Because it does not appear from the original bill of complaint that any sufficient notice was ever served upon the defendant, the Mobile Light & Rail-road Company, of the said preliminary estimate, or that the defendant was properly brought before the said Board of Public Works by the service of due process of law. 2. Because it is not alleged in the original bill of complaint that a written notice was mailed to this defendant at its proper address giving it notice of the preliminary estimate and the opportunity to be heard before said board of public works in opposition thereto. 3. Because it does not appear from the original bill of

[City of Mobile v. Mobile Light & Railroad Co.]

complaint what was the cost of paving between and un-
der the rails of the defendant's track and eighteen
inches on either side of such track or tracks, including
switchings and turnouts, either including the said re-
taining curbing and underground storm and surface
drainage or excluding them.    4.    Because it appears
from the original bill of complaint that the alleged par-
tial estimate consisted of the ascertainment of the joint
cost of paving and of the retaining curbing and under-
ground storm and sewerage drainage, and there is noth-
ing shown in the bill of complaint by which the cost of
the pavement for which this respondent is responsible
can be segregated in the said estimate from the cost of
the retaining curbing and underground storm and sur-
face drainage; so that in making up the said estimate,
there was included therein and so joined together as to
be impossible of separation a matter which was proper
should be ascertained in said estimate, and a matter
which neither the engineer nor the board of public
works had any jurisdiction to impose upon this respond-
ent.    5.    Because it does not appear from the original
bill of complaint for what pavement it is undertaken
by said bill to hold this respondent responsible, whether
it be for the pavement between its tracks or for pave-
ment elsewhere.    6.    Until it has been ascertained by
proper preliminary estimates what was the cost of pav-
ing or improving between and under its rails and for
eighteen inches on each side thereof which is not alleged
in the said bill of complaint to have done.    7.    Because
it does not appear from the said bill that any final esti-
mate of the cost of paving between and under the rails
of the defendant's track or tracks, including switching
and turnouts, has ever been made up or notice thereof
given to this defendant.

Upon the submission of the cause upon the demurrers,
the chancellor rendered a decree sustaining the said de-
murrers.    From this decree the complainant appeals,
and assigns the rendition thereof as error.

B. B. Boone, for appellant.—The bill avers that pub-
lication was made of the time and place where objec-

tions to the preliminary assessment should be made. Section 87 requires public notice in a newspaper and the mailing of a notice *to abutting owners,* but does not require the mailing of a notice to the street railroad operating upon and along the street which has been paved. A street railroad not being an abutting owner.—*Koons v. Lucas,* 52 Ia. 177; *Houston City St. R. R. Co. v. Storrie,* 44 So. W. Rep. 693; *Oshkosh City R. R. Co. v. Winnebago County,* 89 Wis. 435; *So. Park Commission v. Chicago, etc. R. R. Co.,* 107 Ill. 105; *Ind. etc. R. R. Co. v. Capitol Paving Co.,* 24 Ind. App. 114; *O'Reilly v. Kingston,* 114 N. Y. 439.

The important question in the case is, however, in view of the miles of pavement laid in Mobile since this suit began, and which will have to be properly assessed against the defendant street railroad company, and which this court is earnestly asked to pass upon at an early day, is: Whether when a street is paved under the charter, and it is found necessary to put in the retaining curb on each side of the street, and also lay underground drain pipes to carry off the surface water, the railroad company can under the said charter be legally made to pay its fair proportion of the cost of the two items of paving? This question is of vital importance to the city of Mobile and its tax-payers owning property abutting the streets paved and yet to be paved. As to the curbing, this has been held to be a part of the pavement.—*Williams v. Detroit,* 2 Mich. 577; *Stockert v. East Saginaw,* 22 Mich. 104; *Schenley v. Commonwealth,* 36 Pa. St. Rep. 29.

The underground sewerage or drainage system was an essential part of the paving, and the cost thereof was properly included in the assessment made against the Mobile Light & Railroad Company.—*Wistar v. Phila.,* 80 Pa. St. Rep. 511; *Warren v. Henly,* 31 Ia. 31; *Williams v. Detroit,* 2 Mich. 577; *Huidekoper v. Meadville,* 83 Pa. St. Rep.

GREGORY L. & H. T. SMITH, *contra.*—It is of course entirely settled that any effort to impose upon the railroad company the cost of paving the public streets be-

yond the benefits accruing to it by reason of such improvements would be unconstitutional and void.—*City Council of Montgomery v. Birdsong,* 126 Ala. 632. It is stated in Nellis on Street Surface Railroads, p. 258, that "A street railroad company is not liable to pay for paving or repaving of a street simply because its rails, ties, and tracks are property within the street and subject to taxation generally, such property is not property benefitted within the meaning of the municipal charter providing that the cost or a part thereof of any local improvement shall be assessed upon the property benefitted thereby.—*People ex rel Davidson et al. v. Gilon,* 126 N. Y. 147; S. C. 27 N. E. 282.

Under the provisions of the charter of the city of Mobile, the board of public works have no jurisdiction whatever to impose upon the railroad company a proportionate cost of paving upon streets where it had no tracks, or a proportionate cost of placing any retaining curbing along the sidewalks or establishing any general system of underground sewerage for the city of Mobile, and that the demurrers were therefore properly sustained. And that the city can recover, if at all, only the cost of the paving between the tracks and within 18 inches thereof.

ANDERSON, J.—This is an appeal by the City of Mobile from a decree of the chancellor, sustaining demurrers to its bill filed to declare and enforce a lien against the appellee for its proportionate share of the cost of paving, curbing and underground drainage.

The bill avers the letting of the contract for the work and the cost thereof in a certain district and avers that appellee's line was laid on some of the streets in said paved district. And seems to arrive at the portion due by the appellee, by ascertaining what proportion its territory bears to the area of the streets over which it runs, and what proportion the cost for said streets bear to the cost of the improved district, thus adopting the total cost as the ratio for an apportionment, and which includes the cost of paving, curbing and underground drainage.

It is true that § 85 of Acts 1900-01, p. 2397, does provide for an estimation of the cost and an apportionment thereof between those who may be liable. But we can not see how said section contemplates the fixing of appellee's liability on an esimate which includes the cost of improvements on parts of streets over which its line does not run. It may have cost more to improve one part than another. And under no contention could the share of the Mobile Light & Railroad Company exceed what the cost of its area bears to the cost of improvements on that part of the street over which its line is laid.

Conceding, however, that the proper method has been pursued for ascertaining the liability of the appellee. The question arises, does the statute under which this company is made liable for the cost of paving, permit the city of Mobile to include in its claim the cost of curbing and the "laid under drainage?" .

Section 91 of the act is as follows: "Be it further enacted, That should there be a street, electric or other railroad or railway upon any street or alley determined to be paved the *cost of paving between and under the rails of such tracks and eighteen inches on either side of such track or tracks, including switches and turn outs,* [italics ours] shall be paid by the owner or owners of such roads, and shall be assessed and collected from such owner or owners, and shall be a lien upon the property of such person or company, in the same manner as hereinbefore provided for as to other property owners. And should any street, electric or other railroad or railway be constructed upon any street which has been previously paved under this act, the owner or owners thereof shall, before beginning such construction, pay to the city clerk the cost of paving between the rails of the tracks contemplated and eighteen inches on each side of such tracks, including switches and turn outs."

A municipality must derive its power to exact, regulate and require, from the legislature and which is, in this instance, contained in the act under discussion, providing a charter for the city of Mobile. The pow-

ers thereby authorized are to be strictly construed, and we can only infer that the draftsman of this law had in view the reservation of the city in the granting of the franchise to appellee and desired to obtain by said act the authority for the enforcement thereof. The most that is required of the street railway company is the payment of the cost of paving between the rails of the track and eighteen inches on each side of same, including switches and turn outs. We also find in paragraph "c" of section 85, "what portion of said paving or improving shall be, paid for by street, electric or other railroads, *for paving between their tracks and eighteen inches on each side thereof.*" [Italics ours.]

We think, under a strict and proper construction of the act, that the appellee is only liable for paving that area between its rails and for eighteen inches on the outside thereof. The writer is unable to see how underground drainage or sewerage can come within the head of paving.

Mr. Booth on Street Railways, 240, in defining pavement, says: "The existence of the obligation, often depends upon the interpretation which may be fairly given to the statute or ordinance prescribing the duties of the company."

We find that the statute in question, both in sections 85 and 91 imposes upon railways, only the cost of paving between the rails and eighteen inches on each side thereof. The case relied on by counsel for appellant in support of his contention that curbing is embraced in paving, (*Williams v. Mayor of Detroit,* 2 Mich. 577), was the construction of an ordinance for paving the entire street and was between the city and a property owner. The court therein held, that some grading was necessary in preparing a foundation for the pavement and which was a necessary incident to the paving itself. "The curbs and gutters, cross streets and cross walks were all to be done with stone and constituted one connected work and were a part of the paving." It has been also held in *Warren v. Henly,* 31 Iowa 31, that the word "pave" includes the usual means to cover the street, including the authority to require them to build

sidewalks and to provide for the proper drainage and for the construction of gutters. The issue, however, in each of the foregoing cases was between the respective cities and the property owners and the controversy was over paving the entire street.

We do not pretend to hold in this case that paving does not include curbing and certain kinds of drainage, or that the appellee would not be liable for the preparation of the foundation for the reception of the pavement or for such curbing as might be deemed necessary for drainage and which has been placed within that territory between its rails or within eighteen inches on either side thereof. But we cannot conceive of any liability on the part of the company, under the terms of the statute, for any cost that may have been incurred by the city of Mobile for curbing or drainage beyond the confines of the appellee's territory.

We cannot agree with counsel for the appellant in his contention, that the assessment made was conclusive under the terms of § 88 of said act. Section 87 requires notice to be given by publication in a newspaper, and by mailing a notice to each abutting owner, whose name and address is known. Section 91 provides that the assessment and collection from the owner of railways shall be made and collected as herein provided for as to other property owners. It will be observed that the notice to this respondent, shall be the same as that to be given to other property owners; yet the bill fails to aver the mailing of a notice to the respondent, and the assessment cannot be conclusive in the absence of the giving of the proper notice.

Affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, JJ., concurring.