Petition for certiorari was granted on the issue of whether an agreement to pay fifty percent of the costs of "installing necessary curb, gutter, and pavement which may be required by the City of Montgomery" included the costs of installing an underground storm sewer system as an integral part of constructing a street.
The relevant facts and the relevant portion of a letter setting forth the terms of the contract are set out in the Court of Civil Appeals opinion. See 385 So.2d 638 (1980). We are concerned with the meaning of the following words of the contract contained in a letter from the respondent, Todd Farms, Inc. to petitioner, Joseph W. Haponski, Jr.:
. . . We agree, therefore, that at such time as you may wish to plat the remainder of your property along Plantation Way, as extended, we will join with you in the dedication of such Easterly extension of Plantation Way and that we will join with you in installing the necessary curb, gutter, and pavement which may be required by the City of Montgomery. Water and sewer mains already are installed along the proposed Easterly extension of Plantation Way, and we will not obligate ourselves to make any additional sewer laterals or water tap installations for your benefit, but we do specifically and affirmatively agree to pay 50% of the cost of the Easterly extension of Plantation Way for curb, gutter, and pavement to the Easterly boundary of Parcel "A," whenever either you or we determine that such extension should be *Page 972 
made. Conversely, we shall expect the same cooperation from you.
The Court of Civil Appeals reversed the trial court's judgment and held that the "cost of installation of necessary curb, gutter, and pavement as required by the City of Montgomery" included the construction expense of a storm drainage system for which petitioner was to bear fifty percent of the costs. The basic facts are not in dispute; instead, resolution of this issue is a question of interpretation of the words of the contract.
The contract explicitly mentions the items for which costs were to be shared. Regardless of whether the storm drainage system had to be installed before the street was paved, or whether such a storm sewer is required by the City of Montgomery when a street is constructed, the specific wording of the agreement provided only for sharing costs of curbing, guttering and pavement. We have refused to extend the meaning of "paving" in a statute to include as an integral part thereof underground surface water drainage installed beneath the pavement. City of Mobile v. Mobile Light and Railroad Co.,141 Ala. 442, 38 So. 127 (1904). Similarly the meaning of "curbs, gutters, and pavement" should not be extended to include underground storm drainage systems. The agreement contained in respondent's letter specifically named the items for which the petitioner was to pay fifty percent of the costs. A familiar maximum of statutory construction, expressio unius est exclusioalterius, is equally applicable in contract to construction of contract language so that specific mention of one of a class of things implies the exclusion of those items not mentioned.Black's Law Dictionary, p. 521 (5th Ed. 1979). It is axiomatic that if a contract is ambiguous the court will construe the contract most strongly against the party who drew it; in this case, Todd Farms. Jewell v. Jackson Whitsitt Cotton Co.,294 Ala. 112, 313 So.2d 157 (1975).
Where, as here, the language of the contract is unambiguous and plain in its expression, the court cannot alter the agreement by construction but rather must expound it as it is made by the parties. Flowers v. Flowers, Ala., 334 So.2d 856
(1976); Springdale Gayfer's Store Co. v. D.H. Holmes Co.,281 Ala. 267, 201 So.2d 855 (1967). The terms of this contract are clear as to what items of cost are to be shared, but even if they were considered to be ambiguous, the relevant rules of construction mandate reversal of the decision of the Court of Civil Appeals. The judgment of the Court of Civil Appeals is due to be and is hereby set aside and the judgment of the Circuit Court of Montgomery County reinstated.
REVERSED AND RENDERED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
MADDOX and SHORES, JJ., dissent.