INGRAM, Presiding Judge.
This case concerns the interpretation of a lease agreement, which has not been in effect since 1981. Victory Auto Parts, Inc. (Victory), and French Auto Supply, Inc. (French), filed suit in 1987 against Bruce Anglin, the lessee, for various amounts of money allegedly owed to them. Anglin then counterclaimed, contending that Victory owed him $6,318.19 for certain corporation share taxes. Anglin contends that he paid these share taxes on behalf of Victory by mistake for the years 1978, 1979, 1980, and 1981, and is due to be reimbursed by Victory.
After a hearing, the trial court adjudicated the claims before it and held, inter alia, that Victory owed Anglin $6,318.19, which represented the share taxes paid by Anglin.
The lease agreement, in pertinent part, is as follows:
“II
“Lessee shall have the responsibility for the full payment of all items of maintenance, insurance, taxes and utilities accruing during said period on said real estate, building, and the business conducted thereon....
“Ill
“... Lessee shall also have the right to operate a business of the same nature as that presently conducted from said premises as if Lessee were the owner thereof, such as obtaining in his name the required business licenses, the payment of taxes and fees on said business, and the retaining of profits and sustaining of losses which may result from such business operation.”
At the outset we note that where a writing is unambiguous and plain in its meaning the court cannot alter the agreement by construction. Ex parte Haponski, 395 So.2d 971 (Ala.1981). Rather, the court must expound the agreement as made by the parties. Haponski, supra. Parol evidence may not be received to explain, contradict, vary, add to, or subtract from its terms. Gunnels v. Jimmerson, 331 So.2d 247 (Ala.1976). Furthermore, before the court can consider extrinsic evidence to interpret a contract, the trial court must find as a matter of law that the contract is ambiguous. Brown Mechanical Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932 (Ala.1983).
Here, there was no finding that the lease agreement was ambiguous. Instead, the trial court only found that Victory owed Anglin the $6,318.19 for the share taxes.
We have carefully reviewed the lease agreement, and we find no dispute in its meaning. Clearly, a fair reading of the lease agreement as a whole requires Ang-lin, the lessee, to pay the taxes on the property as well as the business for the years between 1978 and 1981, which, as the pleadings reveal, he did.
In view of the above, we find that the trial court erred to reversal. This case is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.