# Farmer *v.* Farmer.

### *Bill in Equity for Divorce.*

1. *Deposition; waiver of notice of residence of witness.*—In a chancery case, when interrogatories are filed to a witness, whose residence is not stated as required by the rules of practice (Code, 170, Rule No. 62), filing cross-interrogatories without objection, or waiving cross-examination and consenting that a commission may at once issue, is a waiver of the irregularity.

2. *Divorce to wife, on ground of cruelty.*—The wife is entitled to a divorce on the ground of cruelty (Code, § 2334), on proof of conduct on the part of the husband generating a reasonable apprehension of violence to her person, attended with danger to life or health.

3. *Adultery by wife, as defense to bill for divorce.*—The charge of adultery on the part of the wife, when set up in defense of a suit for divorce instituted by her, is not established by the testimony of the husband alone, as to the contents of an intercepted letter, which is not produced, and the contents of which, as proved by the testimony of a witness to whom he showed it, do not support his testimony.

4. *Condonation of adultery.*—If the husband, after discovering infidelity on the part of his wife, continues his marital relations with her for several months, the adultery is condoned, and can not·be set up in defense of a suit for divorce on the ground of cruelty.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 20th September, 1887, by Mrs. Regina Farmer, asking a divorce from her husband, John Farmer, on the grounds of cruelty and habitual drunkenness. The defendant answered the bill, denying its material charges, and alleging adultery on the part of the complainant. On final hearing, on pleadings and proof, the court rendered a decree for the complainant; and this decree is here assigned as error, with the refusal to suppress the depositions of several witnesses taken at the instance of the complainant.

TALIAFERRO & SMITHSON, for appellant.

S. D. WEAKLEY, *contra.*

STONE, C. J.—Rule 62 of Chancery Practice is the same in each of the Codes of 1876 and 1886. It requires that, in chancery cases, "when a party files interrogatories to examine a witness or witnesses, he shall give the name

[Farmer v. Farmer.]

or names of the witnesses, and place or places of their residence, or make affidavit that the same is unknown; and on failure to do so, no commission shall issue, nor proceedings be had on said interrogatories, except by consent of the opposite party, or his solicitor."

Complainant filed separate interrogatories to five witnesses, but gave no notice of the residence of either, nor did she make affidavit that the same was unknown. Defendant's solicitors accepted service of the interrogatories, and waived copy of same. To two of the witnesses they filed cross interrogatories, and as to none of them did they note any objection on account of the failure to notify them of the residences of the witnesses, or on any other ground. As to one of the three, the consent was that commission might issue at once. A motion was made, after the depositions had been taken, to suppress them, because there had been no notice of the residences of the witnesses. This motion was overruled; and this ruling is assigned as error.

We consider it unnecessary to announce any ruling as to the depositions of the witnesses Seguin and LeGrau. As to the other three, Abou, Coyne and Cunningham, there was a waiver of the omission.—*Aicardi v. Strang*, 38 Ala. 326. These witnesses clearly prove conduct of the husband, generating a reasonable apprehension of violence to the wife's person, attended with danger to life or health.—Code of 1876, § 2687; Code of 1886, § 2324. This testimony makes a *prima facie* case for divorce.

The defense is a recriminatory charge of adultery, committed by the wife. The sole testimony tending to prove this charge is that of the husband; and the most damaging part of his testimony is an alleged intercepted letter from her to another. That letter, he testifies, was purloined from him by his wife, and was destroyed. He testifies to its alleged contents. His testimony, however, is very much weakened by that of Cunningham, to whom he showed the letter. The latter, in his attempt to give the contents, denies all those expressions, which, if proved, would very seriously complicate the complainant. We can not find, on this state of the proof, that the defendant has made good his charge of adultery against his wife.

But, if the charge had been sustained by proof, it is shown that he knew of this letter and its contents as early as June, 1887. The final rupture occurred September 19, afterwards. The proof falls very far short of establishing

[Albright v. Mills.]

adultery between those dates, while, if it existed, it is satisfactorily established that it was condoned by him.—5 Amer. & Eng. Encyc. Law, 821.

Affirmed.