## Anna Mattes v. John Mattes.

1. Condonation—*what does not establish.* The fact that the wife after knowledge of the adulterous conduct of her husband continues to reside with him in the family homestead, does not establish condonation where she occupied a separate room and denied him cohabitation.

· Divorce proceeding. Appeal from the Circuit Court of Macon County; the Hon W. C. Johns, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded with directions. Opinion filed June 21, 1905.

REDMON & HOGAN, for appellant.

No appearance for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant filed her bill against appellee for divorce on the ground of adultery, and for alimony and the custody of two minor children. Appellee answered the bill denying the adultery alleged, but subsequently withdrew his answer, whereupon he was defaulted and the bill taken *pro confesso*. Upon the hearing before the chancellor the bill was dismissed for want of equity. The evidence clearly establishes the adultery charged in the bill, but it appears from the record that the chancellor dismissed the bill upon the ground that appellant had condoned the adultery alleged and proved.

The parties were married in 1882 and continued to live together as husband and wife until November, 1898, when appellant left because of his adultery and remained away from him about seven months. At the end of that time a reconciliation was effected and the marriage relation resumed. In June, 1903, appellant learned that appellee had become enamored of another woman with whom he sustained adulterous relations. Appellant then refused to cohabit with appellee as his wife, but continued to reside in the homestead occupied by her husband and their two minor daughters until April, 1904, when she left and went to reside with her mother. During all the time following her knowledge of appellant's adulterous conduct in June, 1903, she has refused to cohabit with him and while living in the same house with appellee has occupied a separate room. If appellant has condoned appellee's adultery, such condonation must be predicated solely upon the fact that she did not leave him at once but continued to live in the family home, in the manner stated, until April, 1904. Condonation is forgiveness by the injured party of an antecedent matrimonial offense, upon condition the guilty party will not repeat the offense, and is dependent upon future good usage and conjugal kindness. Sharp v. Sharp, 116 Ill., 509. There is nothing in this

record tending to show appellant forgave her husband. The house in which appellant lived with appellee and their children was the family homestead. She was there by as much right as was appellee and she owed to her two minor daughters the special duty of care and nurture, which she could best perform by remaining with them. In refusing to accord her husband marital rights and by occupying a separate room in the house she did all within her power, consistent with her duty to her children, to manifest her disapproval of his conduct. The fact that she remained silent should not, under the circumstances, be construed as acquiescence or forgiveness on her part amounting to condonation. Condonation is not so readily inferred against the wife as against the husband. 2 Bishop on Marriage, Divorce and Separation, sec. 284.

The decree of the Circuit Court is reversed and the cause remanded with directions to enter a decree of divorce according to the prayer of the bill, and to award to appellant such alimony and make such order regarding the custody of the children as equity may demand.

*Reversed and remanded with directions.*