(88 South. 451)

PRUITT v. PRUITT.    (6 Div. 159.)

(Supreme Court of Alabama.    Feb. 3, 1921. Rehearing Denied April 14, 1921.)

Divorce ⟺184(10)—Fact finding, supported by evidence, not disturbed.

In an action for divorce on the ground of cruelty, fact finding by the chancellor, supported by evidence, will not be disturbed.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Bill by Ruth Pruitt against John A. Pruitt for divorce and alimony. From a decree denying relief, and dismissing the bill, complainant appeals. Affirmed.

Clark Williams, of Birmingham, for appellant.

The evidence makes out a case of legal cruelty, and the court was in error in its decree. 30 Ala. 714; 44 Ala. 437; 44 Ala. 670; 69 Ala. 84; 80 Ala. 254; 171 Ala. 600, 55 South. 96; 27 Ala. 222; 11 Ala. 620.

Denson & Ivey, of Birmingham, for appellee.

The evidence did not support the allegations of the bill, and the court properly dismissed the bill. 165 Ala. 191, 51 South. 743; 189 Ala. 286, 66 South. 4.

GARDNER, J.    Suit by the wife against the husband seeking divorce upon the ground of cruelty, which is emphatically denied by him. The rule of law governing cases of this character is well understood, and needs no restatement here, nor citation of authority. There is presented only a question of fact.

The record is somewhat voluminous, and has been given most careful consideration. A discussion of the evidence would serve no useful purpose, but would merely place in bold outline and in recorded form the details of domestic unhappiness of this young couple for the three years of their married life. The learned trial judge accompanied his decree with an opinion reviewing the evidence, and, reaching the conclusion that the complainant had failed to sustain the charge of cruelty, dismissed the bill. Upon consideration of the testimony here we conclude the trial court is correct, and therefore approve his finding and opinion. We are persuaded from the record, as was the trial judge, that if this couple were left entirely free to pursue their wedded life, without any parental interference whatever, there may yet be a reconciliation of the parties, and a reunited family—"a consummation devoutly to be wished."

The conclusion is that the decree of the court below be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.