(116 So. 918)

### TURNER v. TURNER. (4 Div. 362.)

Supreme Court of Alabama. Dec. 22, 1927.

Rehearing Denied May 31, 1928.

Divorce ☞101—Cross-bill in divorce suit alleging adultery, without averring that there had been no condonation, held sufficient against demurrer (Code 1923, § 7407, subd. 2, and § 7413).

Cross-bill in divorce suit alleging complainant's adultery, without averring that there had been no condonation, held sufficient, under Code 1923, § 7407, subd. 2, against demurrer, since condonation, under section 7413, is matter of defense, and allegation that cross-complaint did not condone the adultery was unnecessary in cross-bill, when condonation did not affirmatively appear therein.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Bill for divorce by Velma M. Turner against Rufus Turner, with cross-bill by defendant. From a decree overruling a demurrer to the cross-bill, complainant appeals. Affirmed.

W. H. Stoddard, of Luverne, for appellant.

The cross-bill fails to aver that there was no condonation of the conduct charged, and was therefore subject to demurrer. Code 1923, § 7413; Farmer v. Farmer, 86 Ala. 322, 5 So. 434.

Ira B. Thompson, of Luverne, for appellee.

Brief did not reach the Reporter.

GARDNER, J. Appellant filed this bill against appellee, her husband seeking a decree of divorce on the ground of cruelty. Incidental thereto, she also seeks alimony and the custody of the child born to the union.

Defendant filed an answer and cross-bill in which he charges adultery on the part of the wife and seeks a divorce upon that ground. To meet the ruling of the court on demurrer to the cross-bill, defendant amended the same so as to be more specific as to the charge of adultery. Demurrer was interposed to the cross-bill as amended, and, from the decree overruling the demurrer, complainant has prosecuted this appeal.

The only objection urged to the cross-bill on this appeal is that cross-complainant has failed to aver that there had been no condonation of the adultery charged. We are cited to section 7413, Code 1923, and Farmer v. Farmer, 86 Ala. 322, 5 So. 434, in support of this insistence.

Subdivision 2 of section 7407 of the Code of 1923 specifies adultery as one of the grounds of divorce, and subsequent section 7413 merely specifies those cases in which divorces are to be refused, among them being "where there has been a condonation of adultery by the admission of the offending party to conjugal embraces, after knowledge of the commission of the crime." But this is matter defensive in its character, and the cross-bill is not subject to demurrer for a failure to negative condonation. The case of Farmer v. Farmer, supra, only declares the rule in accord with section 7413, supra, and involved no question as to the sufficiency of the pleading.

The following quotation from the text of 19 Corpus Juris, 114, expresses the general rule:

"Since condonation and connivance are matters to be pleaded in defense, unless they affirmatively appear from the complaint, the complaint need not allege that complainant has not condoned or connived at the misconduct complained of."

Condonation of the adultery charged did not affirmatively appear in the cross-bill, and to negative the same was not required by the rule of pleading above referred to and adopted by the authorities, generally. The demurrer to the cross-bill therefore was properly overruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.