(121 So. 386)

**BROWN v. BROWN.** (8 Div. 46.)

Supreme Court of Alabama. March 28, 1929.

S. A. Lynne, of Decatur, for appellant.

Wright & McAfee, of Decatur, for appellee.

SAYRE, J. ▮ Appellee's bill for divorce sufficiently stated the grounds upon which she relied, viz., habitual drunkenness and cruelty; that is, actual violence on her person attended with danger to her life or health.

In McMahon v. McMahon, 170 Ala. 338, 54 So. 165, the identical averment as to drunkenness was sustained as sufficient. No harm will come from following that precedent. Nor are we able to say as matter of law that when appellee came to the statement of her case for alimony she refuted her averment of habitual drunkenness by her later averment that defendant was an able-bodied man, making about $150 a month. A person, to bring himself within the definition of "habitual drunkard," need not be constantly drunk, every day or every week. State v. Savage, 89 Ala. 1, 7 So. 183, 7 L. R. A. 426. To quote the language of Stone, C. J., in the cited case: "When a person has repeatedly acted in a particular way, at intervals, whether regular or irregular, for such length of time as that we can predicate" (predict?) "with reasonable assurance that he will continue so to act, we may affirm that this is his habit." Habit of the sort here under consideration means an aptitude or inclination to drunkenness, a state in which the use of the faculties is materially impaired. Webster. In view of these definitions, we are unable to affirm as matter of law that appellant's earning of $150 a month conclusively rebuts the averment of habitual drunkenness. That is a matter to be determined upon consideration of the evidence. So far as allegation goes, the bill in this respect should be sustained.

▮ As for the charge of cruelty, the bill sufficiently informed appellant, defendant, of the nature and character of the offense which appellee expected to prove. Time, place, and the act of violence complained of are so alleged as to inform appellant of the case he might prepare to meet. Smedley v. Smedley, 30 Ala. 714.

▮ Fault is found with the bill on the ground that it shows that after the violence complained of appellee continued to live with appellant for a considerable period of time. viz., from September 15th to October 31st; this fact being referred to as sufficiently establishing a condonation of the violence charged. This, again, depends upon circumstances. Appellee, who, as the bill alleges, is of limited education and "not capable of holding a position to make a living nor is she physically able to perform labor," was not required by law or a decent regard for the new relation with her husband which, it may be assumed, the violence to her person brought about, to walk out into the weather or seek refuge in the county house. "Condonation" in the respect here involved means the willing continuance of cohabitation, a living together in the same place, from which fact sexual intercourse may in general be presumed; but, "if it is satisfactorily established that the parties occupied separate apartments or had no access to each other, the presumption is destroyed." 19 C. J. p. 87, note. Condonation is a matter to be pleaded in defense, and unless it affirmatively appears in the bill of complaint, it will not be inferred that complainant has condoned the misconduct complained of. 19 C. J. 114, § 285. It is not considered that the bill in this case affirmatively shows condonation.

Upon the considerations stated the decree of the circuit court in equity overruling appellant's demurrer to appellee's bill is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.