16 So.2d 8

### CHAMBERLAIN v. CHAMBERLAIN.

#### I Div. 197.

Supreme Court of Alabama.

Dec. 16, 1943.

Harry Seale, of Mobile, for appellant.

Wm. G. Caffey, of Mobile, for appellee.

STAKELY, Justice.

The question presented for decision in this case is whether or not a bill for divorce brought by the wife against the husband on the ground of cruelty must allege separation of the parties prior to the filing

of the bill. The pertinent allegations of the bill are as follows: "Four: That the respondent since their marriage has committed actual violence on the person of the complainant, attended with danger to the life or health of the complainant and complainant avers that from the conduct of the respondent there is reasonable apprehension that respondent will in the future commit actual violence on the person of complainant of such character as to endanger complainant's life or health, if the bonds of matrimony now existing between complainant and respondent be not dissolved."

The demurrer, which aptly raises the question for decision, was overruled in the lower court. This appeal is from that decree.

Title 34, § 20 of the Code provides that the Circuit Court in equity has power to divorce persons from the bonds of matrimony on a bill filed by the aggrieved party for certain specified causes. There is no requirement here that before a divorce can be granted it must appear that the parties have separated. Title 34, § 22 of the Code provides that a divorce may be granted in favor of the wife "when the husband has committed actual violence on her person, attended with danger to life or health, or when from his conduct there is reasonable apprehension of such violence." There is no requirement here that before a divorce can be granted to the wife for cruelty by the husband it must appear that the parties have separated. Title 34, § 23 provides that "the cause for which the divorce is sought must be alleged in the bill." There is no provision here, or for that matter in any provision of the Code, which requires that separation of the parties must appear before a divorce on the ground of cruelty can be secured.

We quote from some of our decisions which dealt with the requirements of the bill of complaint in cases of this character.

"The averments of the bill are in substantial harmony with the statute (section 7409, Code), and the demurrer thereto was properly overruled." Littleton et al. v. Littleton, 224 Ala. 103, 139 So. 335, 336.

"The complainant charges in her bill that the respondent committed actual violence on her person, attended with danger to her life or health. The averments of the bill are sufficient to state a case entitling the complainant to a divorce under section 7409 of the Code (as amended by Gen. Acts 1933 Ex.Sess. page 142 [Code 1940, Tit. 34, § 22])." Sharp v. Sharp, 230 Ala. 539, 540, 161 So. 709, 710.

"The averments that respondent committed acts of violence on appellee's person, attended with danger to her life or health, or from his conduct there was reasonable apprehension of such violence, state a cause of action within the statutes." Stephens v. Stephens, 233 Ala. 178, 179, 170 So. 767, 768.

Although the precise question in which we are now interested was not before the court in the foregoing cases, these cases show that in determining the requirements of the bill, the allegations were measured by the terms of the statute. In fact, no case is cited by counsel which supports a contrary conclusion. The case of Hudson v. Hudson, 204 Ala. 75, 85 So. 282, is obviously not in point, since the necessity of alleging a separation was not involved.

 Appellant insists that it would be immoral and against public policy to permit a spouse to go into a court of equity and seek a dissolution of matrimonial bonds while still maintaining sexual relations. But we are dealing here only with a matter of pleading in a bill filed under a statute and not with a case in its entirety. We do not think the insistence has anything to do with the allegations of fact sufficient to make out a prima facie case in the bill, which must conform to the statute. If the relations of the parties are such that condonation or connivance exists, this should be shown by defensive pleading. Brown v. Brown, 219 Ala. 104, 121 So. 386; Turner v. Turner, 217 Ala. 621, 116 So. 918; 27 C.J.S., Divorce, § 109, p. 701; 17 Am.Jur. p. 303.

The action of the lower court in overruling the demurrer to the bill of complaint is sustained.

Affirmed.

GARDNER, C.J., and BOULDIN and FOSTER, JJ., concur.