50 So.2d 744

## GEORGE v. GEORGE.
### I Div. 427.

Supreme Court of Alabama.
Feb. 22, 1951.

V. R. Jansen, of Mobile, for appellant.

Harry Seale, of Mobile, for appellee.

BROWN, Justice.

This is an appeal from a final decree of the Circuit Court of Mobile County, sitting in equity, granting a divorce to the complainant, Gertrude George, awarding to her the custody of two minor children, both boys, and granting to complainant an allowance of $30 per month for the support and maintenance of the children.

The bill alleges in substance that the complainant, Gertrude George, the respondent, Edward George, Jr., are each over twenty-one years of age and both bona fide residents of Mobile County, Alabama; that they were married in 1931 and were living in Mobile at the time of their separation; that respondent without just cause abandoned the bed and board of complainant and is failing to properly support her and their two minor children born of the marriage, which are now in her custody, and whose best interest would be served by their so remaining. The complainant then prays that the respondent be required to pay reasonable sums for her support and for the support of the minor children.

The respondent filed an answer admitting the marriage and the separation, denying his abandonment of complainant, but averring that complainant abandoned the home, the bed and board of respondent without fault on his part. Respondent further denies that he has failed to properly support complainant and the minor children even though denied their society and companionship, and that the children's best interest will be served by their remaining in the custody of the complainant. Respondent then prays that the complaint be dismissed.

Respondent filed a motion for permission to see the children. Complainant then filed a Motion for Reference, praying that the Court direct the Register to determine the amount of support which the Respondent should give to complainant, pending this suit. Complainant then amends her bill by adding paragraph five and additional prayer which amendment alleges that "The Respondent after their marriage committed actual violence on the person of the complainant, attended with danger to her life or health, by choking her and by striking her with his fists, and she had reasonable apprehension that if she continued to live with him he would commit actual physical violence on her attended with danger to her life or health, as on more than one occasion he had threatened to kill her and to kill their minor children. And the complainant further prays that upon final hearing of this cause a decree will be rendered dissolving the bonds of matrimony now existing between the complainant and the respondent."

The parties were married either in 1931 or 1932 and lived together until December 3, 1949. Two children were born of this union, one, Oliver, who was seventeen at the time of the trial, and Edward Earl, who was seven. There is substantial uncontradicted testimony of the high character of both of these parties and of the apparent harmony of the home. However, on December 3, 1949 the wife saw fit to leave the home, taking with her the two children, and went to the home of her parents. On December 14, 1949, she filed a bill praying for support for herself and the children and on May 17, 1950 amended this bill by adding a prayer for divorce on the ground of cruelty.

The complainant testified in support of her allegations that the children were improperly fed and clothed and were abused; that the house was not suitable; that on one occasion he choked her and struck her and that since the separation he has threatened to kill her and the children. The testimony regarding the threats is corroborated by members of the wife's family. The husband, however, denies these charges.

The first point argued by appellant is that the trial court erred in considering the testimony taken at the trial and rendering his decree thereon without a Note of Testimony.

Rule 57, Equity Practice, Code of 1940, Title 7 Appendix, as amended by General Acts of 1945, P. 563, approved July 6, 1945, expressly provides that it is not necessary to note any testimony given orally before the judge in open court. This contention is without merit. Holman v.

Hall, 248 Ala. 541, 28 So.2d 629; White v. White, 246 Ala. 507, 21 So.2d 436.

Appellant next contends that the evidence is insufficient to support a decree of divorce in favor of appellee on the ground of cruelty. It is not necessary to authorize the granting of a divorce to the wife on the ground of cruelty that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Proof of course of conduct on the part of the husband sufficient to create reasonable apprehension that he will commit such violence on her person attended with danger to her life or health is sufficient to meet the requirements of the statute. § 22, Title 34, Code of 1940; Harris v. Harris, 230 Ala. 508, 162 So. 102; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Wood v. Wood, 80 Ala. 254; Hughes v. Hughes, 19 Ala. 307.

The wife testified in this connection that the husband threatened to kill her and to kill the children. The husband denies the threats. However the wife's testimony is sufficient to present a question of fact for solution by the trial court. The trial court heard and saw the witnesses in open court and his conclusion that the wife was entitled to a divorce will not be disturbed by this court on appeal unless palpably wrong. Hudson v. Hudson, 201 Ala. 569, 78 So. 965; Pruitt v. Pruitt, 205 Ala. 484, 88 So. 451; Moor v. Moor, 211 Ala. 56, 99 So. 316.

The appellant next contends that if there were acts of violence or conduct creating reasonable apprehension of such violence, that same was condoned by the complainant. Condonation of the grounds charged by the complainant is defensive matter which must be presented by pleadings and proof. Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Chamberlain v. Chamberlain, 245 Ala. 105, 16 So.2d 8; Kidd v. Kidd, 246 Ala. 313, 20 So.2d 515.

In disposing of the issue of custody of the children, the court in the decree observed: "For some reason not entirely established the children have developed an aversion toward their father, which at the present time seems irrevocable. To undertake to force these young children to visit with, or permit the father to lavish his affections upon, them at this present time, would not be a workable or reasonable thing to hope for or expect."

The statute authorizes the court to award the custody and care of the children of the marriage to either of the parents, "having regard to the moral character and prudence of the parents, the age and sex of the children * * *." Code of 1940, Tit. 34, § 35.

The granting of a divorce to the wife on the ground of cruelty is a circumstance to be considered in awarding the custody of the children to her. Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Gayle v. Gayle, 220 Ala. 400, 125 So. 638.

The trial of the issues was on testimony given *ore tenus* and after due consideration thereof we are not able to affirm that the decree of the court is laid in error.—Hill v. Gay, 252 Ala. 61, 39 So.2d 384; Johnson v. Johnson, 215 Ala. 487, 111 So. 207; Glenn v. Glenn, 21 Ala.App. 148, 106 So. 226. We find no error in the record.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.