**Anna M. Rasgaitis, Appellee, v. Robert A. Rasgaitis, Appellant.**

### Gen. No. 45,535.

Opinion filed July 1, 1952. Released for publication July 29, 1952.

DONALD R. JONES, of Chicago, for appellant; STEPHEN J. SULLIVAN, of Chicago, of counsel.

GREEN & GREEN, of Chicago, for appellee; JULES R. GREEN, and JOSEPH ASH, both of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree granting plaintiff a divorce on the ground of extreme and repeated cruelty, awarding plaintiff custody of a minor child with the right of visitation on the part of defendant, ordering alimony of $10 per week for the support of the child, decreeing that real estate known as Round Lake Beach lot be in joint tenancy, and ordering defendant to pay $100 as attorneys' fees in sixty and ninety days.

In the original complaint filed June 23, 1950 it was alleged that acts of cruelty were committed on April 14, 1950 and May 16, 1950 and that the parties lived and cohabited together as husband and wife until on or about June 22, 1950. On January 24, 1951 a supplemental and amended complaint was filed, and on January 31, 1951 a second amended and supplemental complaint was filed, alleging acts of cruelty on November 18, 1949, April 14, 1950, May 16, 1950, October 8, 1950 and many other occasions. Defendant's answer denied the acts of cruelty and set up the affirmative defense of condonation.

Defendant makes two principal points: (1) that the original complaint did not state a cause of action and hence could not be amended, inasmuch as it showed that plaintiff had lived and cohabited with her husband after the acts of cruelty charged in the first complaint and thus condoned the offense; (2) that the evidence in the case proved condonation. A careful analysis of the original complaint shows that it is not fatally defective. Cohabitation means the living together as husband and wife, *People v. Burke,* 400 Ill. 240, but does not necessarily imply sexual intercourse. *Pearsons v. Pearsons,* 282 Ill. App. 92; Cyc. Law Dictionary, 2nd edition; Bouvier's Law Dictionary, Baldwin edition. Defendant cites cases stating that ''Cohabitation of husband and wife after the commission of acts of cruelty is regarded in law as a condonation of the act or acts previously committed.'' *Moore v. Moore,* 362 Ill. 177, 180; *Abbott v. Abbott,* 192 Ill. 439; *Youngs v. Youngs,* 130 Ill. 230; *Carlson v. Carlson,* 308 Ill. App. 675. However, this rule thus flatly stated does not bring out all the aspects of condonation relevant in the instant case.

Condonation is a question of intent and not a defense that can be reduced to any exact formulae. It is defined as a full and free ''forgiveness of an

480

offense upon condition that it will not be repeated . . . ." *Abbott v. Abbott, supra,* p. 441. Cohabitation is evidence of condonation, but it is not conclusive evidence thereof. *Brown v. Brown,* 219 Ala. 104, 121 S. 386. The Illinois Supreme Court has held that even an act of intercourse does not necessarily constitute condonation when it is not accompanied by an intent to resume the marital relation in full. *Kennedy v. Kennedy,* 87 Ill. 250; and in *Teal v. Teal,* 324 Ill. 207, the court held that condonation would not be found as a matter of law, even though the parties continued to live together right up to the filing of the bill; that cohabitation, the living together as husband and wife, although evidence of condonation, is not conclusive evidence thereof. Condonation, said the court, ''depends upon the intention of the injured person to forgive the offender, to overlook the wrong and to continue or renew the conjugal relation.'' *Teal v. Teal, supra,* p. 220. To the same effect see *Mattes v. Mattes,* 121 Ill. App. 400. In *Olbinski v. Olbinski,* 336 Ill. App. 225, this division of this court held as follows:

''While cohabitation of husband and wife after the commission of acts of cruelty is regarded in law as a condonation of the act or acts previously committed (*Moore v. Moore,* 362 Ill. 177), the mere fact that plaintiff and defendant slept in the same bed under the circumstances hereinbefore indicated by the evidence, does not in itself constitute condonation.''

Thus, it is clear that plaintiff's averment of cohabitation in her original complaint did not necessarily imply intercourse and did not make that complaint insufficient as a matter of law. Condonation is an affirmative defense. *Lipe v. Lipe,* 327 Ill. 39; 27 C. J. S., Divorce, sec. 59, 114. The burden was on defendant to allege and prove the existence of facts sufficient to establish condonation. *Teal v. Teal, supra.* Continued cohabitation is one such fact, but is not

determinative by itself. *Brown v. Brown, supra.* The cases to the contrary cited by defendant sometimes loosely use the word cohabitation as implying sexual intercourse and the resumption of the full marital relation. As stated previously, cohabitation does not necessarily imply anything more than the dwelling within the same house of husband and wife. If plaintiff were able to show, as she did on trial, that although she lived in the same house with defendant, she kept separate from him and did not resume a complete conjugal relationship, the defense of condonation would not be established. *Olbinski v. Olbinski, supra; Mattes v. Mattes, supra.* Nor is plaintiff precluded by her pleadings from making such a showing. The law will not presume that a wronged wife condones the actions of her guilty husband simply because the difficulty of finding another place to live, the welfare of her child, and other factors beyond her control, force her to remain temporarily in the same house with him. Therefore, the worst that can be said of plaintiff's original pleading is that while it stated a cause of action, it also disclosed a possible defense.

 Even if it were true that plaintiff's original complaint did not state a cause of action, it would not follow that plaintiff's second amended complaint should have been dismissed. Clearly, the second amended complaint standing alone states a good cause of action. Even if the original complaint were interpreted as showing on its face that the earlier acts of cruelty were condoned, those acts would have been revived by the acts alleged in the amended complaint to have occurred October 8, 1950 (long after plaintiff had removed from defendant's apartment). *Davis v. Davis,* 19 Ill. 333; *Abbott v. Abbott,* 192 Ill. 439. The allegations of cruelty were sufficient for a valid divorce complaint. Thus, the crucial question in this case would then be whether or not a legally sufficient amended

complaint is subject to dismissal because the original complaint did not state a cause of action.

 The Civil Practice Act (sec. 46), provides that amendments may be made wherever the cause of action asserted grew out of the same transaction or occurrence set up in the original pleading "even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted . . . ." It is no longer necessary that the original pleading include all the elements necessary to state a cause of action. It is sufficient if the cause of action set out in the amendment be substantially the same as the cause of action stated in the original bill. *Graves v. Needham*, 379 Ill. 25; *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222; *Wanless v. Peabody Coal Co.*, 294 Ill. App. 401. Here, the defect in the original complaint, viz.: plaintiff's failure to allege that although she lived in the same house with defendant, she kept separate from him and refused to assume the incidents of the marital relation, clearly comes within the statutory wording.

 To refuse to give effect to plaintiff's amendment in this case would be to hark back to the unfortunate situation which existed prior to the passage of the Civil Practice Act, when restrictive rulings on amendments often worked extreme hardship on plaintiffs who were unable to bring new suits because of the running of the statute of limitations. The injustice caused by narrow construction of amendment provisions of the Illinois statutes prior to the Civil Practice Act is illustrated by the following cases: *Winnebago County v. Industrial Commission*, 336 Ill. 466; *McAndrews v. Chicago, L. S. & E. Ry. Co.*, 222 Ill. 232; *Foster v. St. Luke's Hospital*, 191 Ill. 94; *Wesley v. Allen*, 235 Ill. App. 322. See also Clark on Code Plead-

ing, sec. 118, and the Illinois cases there cited. The substance of the cause of action here was divorce on the grounds of cruelty, and in our opinion, the amended complaints were so similar as to be within the meaning of sec. 46 of the Practice Act.

In the early case of *Davis v. Davis, supra,* the Illinois Supreme Court held that the plaintiff wife had condoned the husband's original adultery, but the court sustained the wife's right to a divorce on the basis of revival due to acts of cruelty committed *pendente lite.* The court approved the then English practice under which it "would have been entirely competent for the complainant to have brought [later] facts to the notice of the court" and to obtain a divorce "on facts not existing at the commencement of the suit." Plaintiff ought to be able, said the court, "to avail of [defendant's] cruelty to revive the offense . . . impliedly condoned. . . . Where, then, the necessity of driving her to . . . a fresh suit, when all the matter can be determined as the pleadings stand?" (P. 342.)

■■■■■ The sufficiency of the second amended complaint is not challenged, but defendant contends that the evidence affirmatively shows condonation. The chancellor heard the evidence and found all the issues in favor of plaintiff, including that of condonation. Unless that is against the manifest weight of the evidence or contrary to law, the decree must stand. An examination of the record reveals that there is substantial evidence to sustain the decree.

Plaintiff testified to acts of cruelty on November 18, 1949 and April 14, 1950. She left defendant on May 15, 1950 and moved to another apartment, taking their child, a boy of four, with her. The child became ill, and on the doctor's advice, she returned home with him on May 16th, and again her husband abused her and struck her across the spine and back. Notwithstanding this, with a sick child on her hands, she stayed in their

home until July 21, 1950. During that time, she lived in a separate room, did not occupy the same bed with her husband, and had no sexual relations with him then nor at any time thereafter. She left again on July 21, 1950, taking the child with her. On October 8, 1950 her husband came to her apartment to see her. They had an argument over the impending divorce and he held her by her arms against a stove, upbraiding her for wanting to go through with the divorce. Thus, an act of cruelty was committed immediately on her return home and another after she had again left her husband.

 In our opinion, plaintiff proved that she did not condone the offenses alleged in her second amended complaint and that such condonation, if it did exist, was revived by subsequent acts of cruelty.

We have examined the cases cited by defendant. The facts in each of them are so different from those in the instant case that we do not consider them to be authority for defendant's position in this case.

 Error is assigned on minor variances between the averments of dates and the proof. They are not important and are not grounds for reversal.

 Plaintiff alleged in her complaint that "the parties . . . are joint owners of the property more commonly known as the Round Lake Beach lot . . . ; that the plaintiff contributed to the purchase . . . ." This, defendant denied. The decree awarded plaintiff an interest in the property. We find no evidence whatever in the record to support plaintiff's allegation with respect to this property, and the case must be reversed on that ground. In all other respects, the decree is affirmed.

*Decree reversed in part and cause remanded.*

ROBSON, P. J. and TUOHY, J., concur.