124 So.2d 115

**E. P. ZILLS**

v.

**Velma ZILLS.**

**8 Div. 974.**

Supreme Court of Alabama.

Nov. 3, 1960.

H. Neil Taylor, Russellville, for appellant.

Wm. Stell, Russellville, for appellee.

LIVINGSTON, Chief Justice.

On July 7, 1958, Velma Zills filed a bill for divorce against E. P. Zills alleging cruelty and habitual drunkenness as grounds for the divorce. The bill also requested custody of the children. The court entered a temporary decree on July 7, 1958 giving temporary custody of the children to Velma Zills and enjoining E. P. Zills from interfering in any way with the custody of the children. E. P. Zills was served with a copy of the bill and summons on November 18, 1958. More than 30 days later, on December 27, 1958, Velma Zills, the appellee made a motion for a decree pro confesso on personal service, said decree being entered by the register on the same date. On December 29, 1958, the court rendered a decree granting Velma Zills a divorce and giving Velma Zills custody of the children.

The evidence was taken orally in the presence of the judge in open court, but such evidence was not transcribed as required by Equity Rule 56, Code 1940, Tit. 7 Appendix.

On January 12, 1959, E. P. Zills filed a verified motion to set aside the decree of the court. No action was taken on this motion.

There are three assignments of error to the effect that the trial court failed to comply with Equity Rule 56, failed to comply with Equity Rule 57, and that the decree was contrary to the evidence in the cause.

In the case of Smith v. Bank of Blountsville, 262 Ala. 65, 77 So.2d 357, 359, a proceeding in equity, this Court held inter alia that where record did not contain evidence taken orally before the court, it would be presumed that the trial court committed no error in receiving evidence complained of and that the evidence justified the adjudication.

In the Smith case, supra, this Court, quoting from the case of Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321, 322, stated:

" 'The appellant, in effect, invites us to review the sufficiency of the evidence to support the decree, or, in the alternative, to declare a reversal of the

cause because the evidence was not transcribed and filed pursuant to Equity Rule 56, Code 1940, Tit. 7 Appendix. On the state of the record as presented, however, there is nothing before us for consideration.

" 'The holding has been settled, and without exception, that the absence from the record of evidence taken orally before the court, though noted, precludes a review on appeal of the propriety of the trial court's conclusions thereon. Gipson v. Hicks, 243 Ala. 617, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Allen v. Allen, 223 Ala. 223, 135 So. 169.

" 'It will be presumed that the omitted evidence justified the adjudication of the court (chancellor) on the various issues of fact presented. Wood v. Wood, 119 Ala. 183, 24 So. 841; Gipson v. Hicks, supra; Alabama Digest, Appeal and Error, ☞907(4).

" 'Equity Rule 56 does provide that when the testimony is taken orally "the court trying the case must require the court reporter, or some other competent stenographer acting for him, to take down the testimony as delivered,' etc. and this proviso has been declared to be mandatory. Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554; Campbell v. Rice, 244 Ala. 144, 12 So. 2d 385.

" 'Nevertheless, this mandate of the rule does not preclude a waiver by the parties of the taking of the testimony by the reporter.

" 'Nor does it relieve the parties from the duty of taking appropriate action to require compliance, or of interposing due exception, in the event of the court's refusal to act pursuant to the mandate.

" 'There are cases where the parties might conceive it to be mutually advantageous to avoid the expense of a reporter, thereby obviating the neces-

sity of action under the rule. From aught appearing, this may have been the case here, and under the usual presumption that the trial court acted in accordance with law, in the absence of a showing to the contrary (Cox v. Brown, 198 Ala. 638, 73 So. 964; Robertson v. State, 29 Ala.App. 399, 197 So. 73, certiorari denied 240 Ala. 51, 197 So. 75; 5 C.J.S. Appeal and Error, § 1533, page 264), we will so assume.'

"For aught appearing here, the trial court acted in accordance with the law in the absence of a showing to the contrary."

■ As regards the failure of the court to comply with Equity Rule 57, it was said in the case of Brewton v. Sessions, 264 Ala. 123, 84 So.2d 763, 764:

"The first contention made by the appellants is that the trial judge erred in rendering a final decree, since no note of submission was filed in compliance with Equity Rule 57, Code of Ala. 1940, Title 7, Appendix. That rule as pertinent here, reads:

" 'A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the Court. But it is not necessary to note any testimony given orally before the judge in open court under Rule 56'.

"The testimony in this cause was given orally before the Court; thus, there is no merit in this contention. See Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262; George v. George, 255 Ala. 190, 50 So.2d 744; White v. White, 246 Ala. 507, 21 So.2d 436."

The foregoing authorities are a complete answer to the contentions of the appellant in this case, therefore, no reversible error

appearing in the record, the judgment is due to be, and is, affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.