219 So.2d 633

**Mary Aline Braswell WARD**

v.

**Barry Walter WARD.**

**6 Div. 529.**

Supreme Court of Alabama.

Feb. 20, 1969.

Speir, Robertson & Jackson, Birmingham, for appellant.

Walter E. Perry, Jr., Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a final decree of divorce rendered by the trial court on August 15, 1967. The only assignment of error is "The Court erred in overruling, by its decree entered September 28, 1967, Respondent's motion to set aside decree".

The evidence in this case is not before us. It was taken orally before the trial court, but was not transcribed. We have repeatedly held that in such instances the appeal from a final decree presents nothing for this court to review. Zills v. Zills, 271 Ala. 341, 124 So.2d 115.

As noted, we have before us only the pleadings in this case. The appellant

first filed a plea in abatement to the court's jurisdiction contending that the complainant-appellee had not been a resident citizen of the State of Alabama more than one year next preceding the filing of the bill. After hearing evidence on this point, the court entered its order overruling the plea in abatement, and finding that the complainant had been a resident of the State for more than one year next preceding the filing of the bill. Next, the court entered its decree pro confesso, followed in due course by the final decree of divorce. The appellant contends in brief that the court erred in not vacating this decree because her attorney was not present at the time the case was set for trial. The court took evidence on this motion and overruled it. No contention is made that the decree first entered is void on its face. The order overruling the motion to vacate will not support an appeal. 2 Ala.Dig., Appeal and Error, ☞110. The appeal was properly taken from the final decree. However, inasmuch as no evidence has been transcribed pursuant to Equity Rule 56, nothing is presented here for review.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.