243 So.2d 522

George R. DAVIS

v.

Elizabeth B. DAVIS.

3 Div. 23.

Court of Civil Appeals of Alabama.

Jan. 13, 1971.

Robert Cheek, Montgomery, for appellant.

Capell, Howard, Knabe & Cobbs, Montgomery, for appellee.

THAGARD, Presiding Judge.

Appellee filed a bill in the Domestic Relations Division of the Circuit Court of Montgomery County, alleging statutory cruelty and praying for alimony pendente lite, a divorce from the bonds of matrimony, permanent alimony, and a solicitor's fee. From a decree awarding appellee a divorce from the bonds of matrimony and permanent alimony, the nature and amount of which will be hereinafter revealed, the respondent in the trial court brings this appeal.

There are nine assignments of error, but they may be boiled down to four propositions, viz.: (1) The evidence was not sufficient to support the decree; (2) The alleged acts of cruelty occurred after the first separation, after which appellee condoned the same by resuming the marriage relationship; (3) The award of alimony in gross was excessive, and (4) The court was without jurisdiction to award alimony in gross because of the failure of appellee to seek such relief in her bill.

■ We have carefully read the testimony and are of the opinion that it was sufficient to have proved to the reasonable satisfaction of the trial court that appellant, during the marriage and prior to the filing of the bill, committed acts of violence on the person of appellee that were attended with danger to her life or health. Furthermore, the trial court heard and saw the witnesses as they testified. It is our duty to affirm the trier of the facts if the decree is fairly supported by credible evidence. We think the decree in this case is so supported. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. This disposes of appellant's proposition hereinabove enumerated as (1).

■ The appellant is probably right in his contention that all or practically all of the acts of cruelty testified to by appellee occurred before the first separation and divorce suit and not after the parties attempted to effect a reconciliation and resumed cohabitation. However, it appears to be the law that condonation is a special defense that must be specially pleaded as well as proven. Brown v. Brown, 219 Ala. 104, 121 So. 386; Chamberlain v. Chamberlain, 245 Ala. 105, 16 So.2d 8; Black v. Black, 199 Ala. 228, 74 So. 338; Turner v. Turner, 217 Ala. 621, 116 So. 918; George v. George, 255 Ala. 190, 50 So.2d 744.

On the day of the trial appellant filed a brief answer in the trial court admitting the allegations of the bill as to age, marriage, and residence of the parties and denying the other allegations and demanding strict proof of same. The transcript reveals that the answer was filed on the day of the trial. At the end of the taking of the testimony the court and the attorneys had a colloquy from which we quote the following excerpt:

"THE COURT: Yeah, I'll take Dr. Harris if you want to amend your pleadings anyhow, plead condemnation [sic] (but we are confident the judge must have said "condonation"), didn't you say you did?

"MR. CHEEK: Your Honor, would you give me twenty-four hours leave to

**440**

do so, and let me discuss it with Mr. Davis? It might be that we will not do it, and submit on what is here now."

■ The trial was had on December 17, 1969. The note of submission was filed on March 20, 1970, and the decree was rendered on the same day. Appellant did not file a special plea of condonation or any other plea except the brief one hereinabove referred to. In view of the holding in the cases hereinabove cited that condonation is a defense that must be specially pleaded, we hold that the trial judge correctly disregarded the evidence of condonation and properly gave appellee the benefit of the evidence of acts of cruelty perpetrated prior to the first separation. So much for appellant's assignments of error which we have hereinabove enumerated as proposition (2).

Now, we take up the two propositions relating to the award of alimony in gross and monthly alimony.

The decree required that appellant pay to appellee $100.00 per month, for her support and maintenance, until her death or remarriage. In addition, it provided that each of the parties should own an undivided one-half interest in the real estate of the parties, consisting of 5.10 acres situated in a rural community in Montgomery County, Alabama, upon which is located a three bedroom brick veneer dwelling in which the parties resided, and shown by the evidence to be worth $23,000.00. There is a mortgage on the real estate under which there is an unpaid balance of about $5,000.00. With reference to the real estate, the decree further provided: "Either party may acquire the one-half undivided interest of the other party by paying to such other party the sum of $7,500.-00 in cash or in such other manner as is agreeable to such other party. If neither party makes such an offer to the other party within sixty days, the Court will appoint an agent or will make other provisions for the sale of said property and will divide the net proceeds between the parties."

The decree also made provision for a division of the household furniture, about which neither party has complained.

Appellant argues that the court was without jurisdiction to order a division of the real estate because of the failure of appellee to specifically pray for the same. We have examined the authorities cited by appellant in support of his argument but do not think they are germane to the proposition in this case. On the other hand we find this statement in Owens v. Owens, 281 Ala. 239, 201 So.2d 396:

"Equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction upon the invocation of the parties, the Chancellor will determine all the interrelated equities of the whole. Equity delights to do justice, and not by halves. Moore v. Moore, 255 Ala. 393, 51 So.2d 683." (281 Ala. at page 243, 201 So.2d at page 399)

■ The foregoing statement was quoted approvingly by the Supreme Court in Killingsworth v. Killingsworth, supra. Even though appellee did not pray specifically that the real estate be divided, her bill of complaint did pray "that Respondent be required to pay to complainant a reasonable amount for her permanent support, and * * *" We are of the opinion that this was sufficient to invoke the jurisdiction of the court to effect a division of the property of the parties.

■ Appellant also vigorously argues that the award of alimony was excessive. We do not think so. The marriage of the parties was not of short duration. They married on November 4, 1939, and the divorce was granted on March 20, 1970. During the marriage the wife gave birth to and reared a son who is now 29 years of age and married and a daughter who is 27 years of age and married. Apparently, there was no serious discord between the

parties until about five years before the divorce proceedings were instituted. There is no claim by appellant that appellee did not do her full part as wife and housekeeper during their marriage, although there was evidence of misconduct on her part during the last five years. The land upon which the residence sits was purchased a few years after the marriage of the parties. After the purchase the dwelling was built thereon. The purchase price of the land and the payments on the house mortgage were made during the marriage. Appellee is in bad health. She has no gainful occupation. After a careful consideration of all the facts and circumstances we have concluded that the trial judge did not abuse his discretion in awarding appellee a one-half interest in the husband's equity in the real estate, nor do we think the monthly award of $100.00 was excessive. Appellant's gross salary is about $8,800.00, and his net take-home earnings at least five times the monthly alimony awarded appellee.

Affirmed.