164 So. 749

## ADAMS v. ADAMS.
### 1 Div. 861.

Supreme Court of Alabama.
Dec. 19, 1935.

Inge & Stallworth, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

THOMAS, Justice.

This is a second appeal. Adams v. Adams, 229 Ala. 588, 159 So. 80.

The present appeal is by Mrs. Adams from a decree denying her motion for an

order that the books of B. F. Adams & Co., of which respondent-appellee was a member, be delivered to the register of the court at a reference to be ordered by the court; that an examination and report thereon be made to the register as the basis for further decree. This action of the court in denying her motion is assigned as error.

Appellant rests her right on the ground that the decree of July 16, 1932, fixed her alimony and the right to ascertain the amount by a yearly audit. This action of the court has not been modified. That decree fixed and vested in her the alimony indicated, and declared the right (1) to ascertain the interest in the firm's profits by a proper audit, and (2) to determine her interest therein by virtue of the decree; and rendered the means of ascertaining the profits of the firm and appellee a material and necessary part of the alimony so declared by the decree. Among other things, the decree of July 16, 1932, provided:

"It is further ordered that the defendant pay to the complainant the sum of one hundred and eight and 33/100 dollars per month for the term of one year, and it is further ordered that during the said year the defendant is to draw no part of his share of the profits from the business of B. F. Adams & Co., unless he pays one third of said share to the complainant.

"It is further ordered that at the expiration of the year *the said defendant shall have an audit made of the books and business of B. F. Adams & Co.,* by an auditor to be agreed upon by the complainant and defendant, the expense of the audit to be borne jointly by the complainant and defendant. Should the audit show an actual profit, the complainant is to be paid one third of the defendant's share of said profit, less whatever amounts may have been paid to her during the year, over and above her monthly allowance of $108.33." (Italics supplied.)

Thereafter, on October 4, 1933, the parties entered into an agreement stipulating that "during January, 1934, there shall be an audit of the books of B. F. Adams & Co., for the period from July 1, 1932, to December 31, 1933, both inclusive, and during January of each year thereafter, for the preceding year, by an auditor to be agreed upon by the complainant and the defendant, the expense of such audits to be borne jointly by the parties hereto. Should any such audit show an actual profit the complainant is to be paid one-third of the defendant's share of such profit, for the period

audited, less whatever amounts may have been paid her during the year, over and above her monthly allowance of one-third of the defendant's salary, and less the cost of the premiums on the life insurance policies, should her share of his profits be sufficient to pay these premiums, with the understanding that from year to year, if complainant's share should be insufficient to cover premiums paid during the preceding year, no debit balance shall be carried forward against the complainant."

The right of contract as to such allowance is recognized by this court. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Merchants' Nat. Bank of Mobile v. Hubbard, 220 Ala. 372, 125 So. 335; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Rash v. Bogart et al., 226 Ala. 284, 146 So. 814; 64 A.L.R. 1277, note.

The motion of appellant made on January 9, 1935, for a reference before the register, set out the decree quoted above and the said agreement of the parties; averred that appellee, without right or authority, had declined to permit an audit, and prayed the court that "the books of the said B. F. Adams & Co. be delivered to the register of this court at a reference to be ordered by this court and held by the said register so that the books of B. F. Adams & Co. may be properly examined and a report thereon made by an auditor or accountant to be selected by the register or by this court. And your petitioner prays for such other, further and different relief as she may be entitled to receive, the premises and the evidence in support thereof considered."

Respondent filed an answer to the motion for reference, admitting that he had declined to permit the audit for the alleged reason that said agreement provided that the audit "be made by mutual consent, by an auditor who was agreed upon between the parties and at their joint expense; * * * that your petitioner has not tendered her share of the audit for which she prays, nor has she, in her petition, offered to comply with the conditions provided in said agreement, that she would pay one-half of the expense of the audit which she now prays"; that such an auditor was theretofore agreed upon and reported, but petitioner declined to abide by said audit and asked that certain expense items charged under the agreement of copartnership of Adams & Co. be eliminated; that "for this reason * * * respondent declined to enter into any further audit."

The question of jurisdiction of the court is raised in the answer on stated grounds: (1) Because there is no pending issue of fact between the parties to be determined; (2) because the right to examine said books for the purpose of evidence is a judicial function, which the court may not delegate (to such agency); (3) because there is a lack of jurisdiction where the petitioner has not specifically offered to perform her part of the contract "by abiding by such an audit"; (4) because it appears from the evidence that petitioner has herself declined to abide by the terms of the said contract under which she now demands such audit; (5) "because the defendant in this case had no power, by contract or otherwise, to confer upon the complainant any right to an inspection or audit of the books of the copartnership of which he is a member without the consent of his partner, which is nowhere alleged"; (6) because the respondent has paid all alimony and attorney's fees "now due," and said books are not necessary for the enforcement of any right possessed by petitioner; and (7) "because the court has no jurisdiction to compel the said copartnership of B. F. Adams & Co. to submit its books to an audit by any third person under an individual contract with one of its partners, which was entirely foreign to the partnership affairs."

Due submission was had to the court on this petition, the decrees of December 8, 1930, and July 16, 1932, answer, and agreement of copartnership dated October 4, 1933, and there was a decree denying the motion for reference from which this appeal was taken.

The decision on first appeal cited the authorities; declared that the decree awarding permanent alimony, payable in installments, was subject to modification when and as the equities of the parties demanded (and especially where jurisdiction was reserved); that the agreement of the parties was merged into the decree and lost its contractual nature *to the extent that the court had the power to modify the decree according to the equities,* if duly presented from time to time, and under the requirements for monthly installment payments of alimony. The court defined the use of the word "audit" as employed by the parties in their agreement, to imply that said agreement was for the practical and necessary purpose of ascertaining whether there was an actual profit made by the business in which the husband had a share and complainant, by contract and decree, had a vested interest; held the wife's objection to certain items as shown on the books did not constitute a breach of the agreement for an audit by the appellant here; that this action on her part did not justify the defendant's repudiation of the agreement for an audit. Mr. Justice Gardner concluded his opinion with the just observation:

"The chancellor made no finding upon the question of the audit of the books of the firm, and nothing is here presented for review in that regard. * * *

"If examination of the books in the future be deemed necessary, or desirable, the court has ample power in the usual method of procedure by reference or before the court itself, to have the books produced for such an examination." Adams v. Adams, 229 Ala. 588, 159 So. 80, 83, 84.

Adverting to the agreement, the preamble thereof stated that it was the "desire of the parties hereto to modify and extend the terms of the decree of 1932 and agree upon the basis of the payment of alimony." And the effect of the decree in question (July 16, 1932) was to provide for the payment of alimony in specified sums per month for the period of one year, at the expiration of which an audit was to be made of the books and business of the husband's partnership, and "should the audit show an actual profit," the complainant was to be paid one-third of the defendant's share of the profits, less whatever amounts that were paid to her during the year, "over and above her monthly allowance of $108.33"; the provision made for her in the decree being, "not a lump-sum decree exhausting the court's jurisdiction upon its termination as to time, but merely a decree offering temporary relief from a higher rate of alimony of a prior decree."

In addition to the announcement of the court on first appeal, we may observe that such a court had the inherent power in the due exercise of its jurisdiction to ascertain the ability of the husband to support the wife, and in this case, to ascertain the true extent of the husband's ability to so maintain, and to that end may inquire through reference before the register and by an audit of the books of the partnership business in which the husband was a member. At the risk of repetition, it will be stated that the decree of July 16, 1932, awarding alimony for the "term of one year" in the sum of $108.33 per month, further pro-

vided "that during the said year, the defendant is to draw no part of his share of the profits from the business of B. F. Adams & Co. unless he pays one-third of said share to the complainant; * * * that at the expiration of the year the said defendant shall have an audit made of the books and the business of B. F. Adams & Co. by an auditor to be agreed upon by the complainant and defendant, the expense of the audit to be borne jointly by the complainant and defendant. Should the audit show an actual profit, the complainant is to be paid one-third of the defendant's share of said profit, less whatever amounts may have been paid to her during the year over and above her monthly allowance of $108.33. The court retains jurisdiction of this cause for the purpose of making such other or further orders as to the allowance to the complainant as to the court may seem proper."

Provision was made for the ascertainment of complainant's interest in the profits as a part of the alimony allowed, fixed, and required to be paid by the decree; and to which amount and mode of ascertainment she was entitled.

The audit not having been permitted by appellee, and the decree in question not having been modified, appellant is entitled to ascertain the amount and to receive her due share of such profits. In other words, the ascertainment of the fact of whether there are any profits in which complainant shares is a right inherent in her and necessary to the enjoyment thereof; and if there be profits, she should be so informed of the true amount thereof and when the same accrued. Thus we dispose of appellee's objection that there is no issue of fact to be determined by the result of the audit and its evidentiary effect, as may affect the report of the register and orders thereon.

The contention is made that only the court can examine the partnership books. In legal effect, this is what is sought. The petition was for an order of the court to require production of the books to the register of the court at the time of the reference duly ordered; that the auditor be selected by the register and have opportunity in the registry of the court to examine and report under oath to the register. This is the practical method in the case before us, having such a result, when the examination is made and evidence given by the auditor to the register of the court under oath of the fact as ascertained.

The first appeal, which we approve, disposed of the objection that appellant repudiated the agreement to audit. The right of reasonable objection to and suggestion for the elimination of the item in question, whether well founded in fact or not, showed no intention on the wife's part to repudiate the provision for the audit or which would prevent her insisting upon her right in that behalf.

The decree of July 16, 1932, stipulates that *the defendant shall have the audit made,* and failing in compliance was subject to further direction of the court within the rules of law that obtain. The fact that the costs were not required to be paid or tendered by Mrs. Adams will not be permitted, in a court of equity, to defeat her material interest in the premises. The respondent had ample protection against her portion of the costs by way of deduction from the monthly payment he was required to make.

The position taken by respondent-appellee, that the decree of March 5, 1934, eliminated the provision in the decree of July 16, 1932, for the audit is not supported by a reference to the decree of March 5th, reciting, as it does, "that inasmuch as respondent has failed or refused to make any payments to the complainant since December 1st, 1933, some temporary or interlocutory order should be made immediately without ruling on or deciding any of the questions raised by either or both sides as to the meaning or interpretation of the orders or decrees heretofore made or agreements between the parties, except in so far as is necessarily in conflict with this order, it being the desire of the court that the complainant shall reserve and she does reserve whatever rights or remedies she may have under the former decrees or agreements, and that the respondent shall reserve any rights or remedies he may have under the former orders or decrees, except as such rights and remedies respectively of the parties may be inconsistent with this decree. It appears to the court that under the decree of July 16th, 1932, the complainant is entitled to at least the sum of one hundred and eight and 33/100 dollars ($108.33) per month, from December 1st, 1933, up to and including the monthly payment for March, 1933, the total sum of four hundred thirty-three and 32/100 dollars ($433.32). The amount due her, if any, arising out of the profits of the respondent in the firm of B. F. Adams & Son provided for in the decree of July 16th, 1932, and such remedy as she may have, will

be and is hereby reserved to her without prejudice for such action as she may be advised to take in the future, and the defenses or remedies to which the respondent may be now entitled are also reserved to him without prejudice."

The respondent's insistence that the fact that the opinion of the lower court is affirmed "without making any provision for the audit now sought" was a finding against the right of such audit. Such was not the effect of that decision, reciting, as it does, that "the chancellor made no finding upon the question of the audit of the books of the firm, and nothing is here presented for review in that regard." Adams v. Adams, 229 Ala. 588, 159 So. 80, 83.

The fact that objection may be made or inconvenience experienced by the other member of the partnership did not prevent the action sought by the petition. The books were merely to be brought before the register of the court and there subject to due and proper orders to safeguard the rights of the parties and prevent unnecessary inconvenience or delay as may affect the several parties in interest.

We hold that appellant is entitled to the audit to be made by the register of the court, and with the aid of an auditor, if the court deems it necessary, in which event the auditor should be selected by agreement of the parties, or be appointed by the court. The decree of the circuit court is not in accord with the views expressed, and is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

BOULDIN, BROWN and KNIGHT, JJ., concur.