24 So.2d 124

**RUSSELL v. RUSSELL.**

**6 Div. 347.**

Supreme Court of Alabama.

Dec. 20, 1945.

Horace C. Alford and M. B. Grace, both of Birmingham, for appellant.

The word divorce implies dissolution of marriage after marriage. Code 1940, Tit.

FOSTER, Justice.

This is an appeal from a decree sustaining a demurrer to a bill for divorce and collateral relief incidental to it, filed by the husband against the wife.

One feature of the demurrer is to the effect that the ground for divorce attempted to be alleged is not sufficiently stated to comply with the statute. Section 20(6), Title 34, Code; that is, as far as here pertinent, "for becoming addicted after marriage to habitual drunkenness." The bill alleges in this connection that the respondent "did, prior to their said separation, and at the time of their said separation, and since their said separation as aforesaid, become addicted to habitual drunkenness." There is nothing to show that she became so addicted "after (the) marriage," though they had been married twenty years.

This Court has been strict in holding not only that the habit must have been acquired after marriage, but must have continued until "at or near the time of filing the bill." McMahon v. McMahon, 170 Ala. 338, 54 So. 165; Brown v. Brown, 219 Ala. 104, 121 So. 386; Howell v. Howell, 211 Ala. 415, 100 So. 635.

The bill is not sufficient in this respect, and was subject to the demurrer interposed. It was addressed to several other aspects, not specially to that seeking a divorce, as well as to the whole. The decree sustaining the demurrer was general. If it was defective in not alleging a proper ground for divorce, the whole bill was bad because it has no other equity to sustain it against such attack, separately considered. This we will undertake now to show.

The bill was filed September 14, 1944. It alleged a marriage on April 2, 1919, and separation March 6, 1939. Shortly after their separation they made a separation agreement as to his property, including provision for maintenance for her and a daughter born of the marriage. The bill alleges that the daughter is now over twenty-one years of age, and in May 1943 had married and was being supported by her husband. Complainant conveyed to respondent a house which he had contracted to buy, and agreed to pay his wife $80 a month for the support of herself and daughter until November 15, 1941, when it would be reduced to $75 per month, with which respondent agreed to support and maintain the daughter until she became twenty-one years of age. He has paid said sums up until the filing of this suit.

Harvey Deramus and John S. Tucker, Jr., both of Birmingham, for appellee.

286

He then undertakes to show that his wife does not now need the said allowance. He seeks to have the court relieve him from further payments of maintenance for either of them, or modify it according to the equities found to exist, and for a divorce with the right to remarry.

■ It will be noted that the agreement as to maintenance has not ripened into a decree for divorce. We have held that if it were so the court could modify it as a decree on proof of changed conditions which justify the modification. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Adams v. Adams, 229 Ala. 588, 159 So. 80; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

■ But the equity jurisdiction to modify or abrogate an agreement on separation by which an adjustment of property rights and controversies is made and in which care and maintenance of the wife are provided, is dependent upon the same considerations which apply to other contracts between husband and wife (so long as such an agreement is not made the predicate for alimony on divorce). Rash v. Bogart, 226 Ala. 284, 146 So. 814; Kirkland v. Kirkland, 236 Ala. 120, 181 So. 96; Adams v. Adams, 231 Ala. 298, 164 So. 749.

■ But when the question before the court is a proper bill for divorce and alimony, in decreeing a divorce in favor of the husband for the misconduct of the wife, the judge has a discretion as to whether he will make an allowance at all, and if he allows it, the amount should be regulated by his ability to pay and the nature of the wife's misconduct. Section 33, Title 34, Code.

■ In determining that question the court is not controlled by the agreement of the parties. He may adopt or reject it as seems consistent and proper from the situation of the parties as disclosed by the evidence on trial. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391; 27 Corpus Juris Secundum, Divorce, § 234, p. 961, note 75, 962; 19 Corpus Juris 251, § 586, cited in the Worthington case, supra; 1 R.C.L. 947. Usually his judgment is exercised in determining whether the amount of the provision as stipulated is fair to the wife, referred to in Bulke v. Bulke, 173 Ala. 138, page 141, 55 So. 490.

■ But after all, the statute cited above leaves the matter in the judgment (discretion is the word in the statute) of the judge. Any agreement by which payments are to be made should be reviewed by the court in granting a divorce and fixing alimony, whether the allowance is under section 33, supra, for the wife's misconduct, or under section 32, Title 34, Code, for the husband's misconduct, and determine and fix a suitable amount for permanent alimony. If a divorce is not granted, there is nothing alleged in the instant bill which would justify a decree modifying the agreement which the parties made. But if the court grants a divorce and alimony, it may take into consideration circumstances then existing in the light of their agreement, and fix the amount accordingly as provided in section 33, Title 34, Code.

The demurrer was properly sustained in that the bill insufficiently alleged the ground for divorce, and did not contain equity in other respects, independent of the divorce feature.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.