58 So.2d 462

### CALLEN v. CALLEN.

3 Div. 611.

Supreme Court of Alabama.

April 17, 1952.

John W. Lapsley, Selma, for appellant.

Godbold & Hobbs, Montgomery, for appellee.

FOSTER, Justice.

This is an appeal from a decree in equity requiring appellant to pay the expense of orthodontic treatments of his minor daughter, whose custody has been awarded to appellee in a decree of divorce theretofore rendered by the same court.

The decree of divorce gave effect to a property settlement, manifested by a written agreement which made provision for the maintenance and support of appellee and their two minor children, including a

228

transfer of certain described property to her. The agreement provided for monthly payments to appellee for that purpose, and then stipulated that "in the event of extended illness of either of said children, or other unforeseen need or emergency on the part of either of said children, that he will pay the expenses caused by such illness, need or emergency." That decree was rendered January 24, 1947.

On September 14, 1950, appellee filed a petition alleging that Marion, a girl of approximately thirteen years of age, had since the rendition of said decree developed an unforeseen need for orthodontic treatment which was necessary for her to maintain a healthy mouth. That said treatment would probably extend over a period of three years. That she has already begun to have treatment administered by a competent dentist at a cost of $330 for the first year. Appellee prayed that appellant be adjudged responsible for and be required to pay the expense of said treatment. Appellant made answer to said petition denying that the proposed treatment is an extended illness or unforeseen need or emergency within the terms of the divorce decree giving effect to said agreement. He also undertook to show that appellee is well able to take care of such expense out of the allowance made by said decree; and that his own income did not justify such payment by him. On November 3, 1950, upon consideration of the petition and answer and evidence taken before him, the trial court expressed an opinion unfavorable to appellant, but entered no decree.

Appellant, not being satisfied with the opinion, on November 9, 1950, filed a petition to set aside or modify the decree (so-called) expressing such opinion, and on the same day filed another petition in which he sought a declaratory judgment as to the meaning of that feature of the agreed decree which is copied hereinabove, and to eliminate, change or modify certain terms of it.

■ There was no formal answer to either petition filed by appellant. Treated as petitions, it is not necessary for an answer or decree pro confesso to be made before a hearing and determination of it, such as applies to a formal bill in equity. Johnson v. Johnson, 252 Ala. 366, 41 So.2d 287.

On May 31, 1951, the petitions, one by appellee and two by appellant, came on for hearing and were submitted to the presiding judge on the testimony of witnesses who had theretofore appeared before him as such. On that day the court rendered a decree in response to that submission. In it he granted the petition of appellee and directed appellant to pay the expense of the orthodontic treatments for Marion, for that they constitute "other unforeseen need or emergency," within the terms of the agreed decree. He denied the application for a rehearing of the decree, so-called, dated November 3, 1950. He further denied the petition of appellant for a declaratory judgment as to the meaning of the agreed decree or to modify it. It is from that decree that this appeal is taken.

The evidence showed that the condition which needed treatment was not in existence nor foreseen at the time of the agreed decree, and that appellee did not have a sufficient amount out of the allowance made in the agreed decree to pay for the proposed treatments to Marion.

■ The question first to be considered is whether the proposed orthodontic treatments are in the nature of another unforeseen need or emergency. Appellant seeks to apply the principle of *ejusdem generis* and *noscitur a sociis*. Those principles merely furnish an aid to construe an ambiguity in an instrument and do not furnish an iron bound rule. Their application is limited to prescribed bounds. Bank for Savings & Trusts v. United States Casualty Co., 242 Ala. 161, 5 So.2d 618; Holt v. Long, 234 Ala. 369, 174 So. 759. There is no occasion here to apply either principle.

Appellee's petition is not dependent upon changed conditions sufficient to modify the decree, but it only seeks to apply its terms to a situation which has arisen.

■ We agree with the trial court that the facts show an unforeseen need within

the meaning of that decree. There was no condition attached by the decree that it shall operate only in event the contributions otherwise required are not sufficient. But if it were so conditioned, we would say that those contributions are shown not to be sufficient for $330 the first year and $180 per annum thereafter.

We now reach appellant's petition. It prays as follows:

"This court will make and enter a decree eliminating, changing or modifying the alleged uncertain and indefinite terms contained therein, namely: the words 'or other unforeseen need,' or will make such provision more specific, or will construe and interpret the meaning thereof and declare the respective rights and obligations of the parties thereunder to the end that this respondent will not be required to make contribution or payments to complainant for the maintenance, education and support of said children in addition to the monthly payments provided in said decree and in addition to the income and other specific provision provided, or being made or hereafter to be made expressly under said decree, except additional contributions which may become necessary by reason of extended illness of said children or accident or emergency involving an expense which may not reasonably be met or borne by complainant out of or from the specific payments and income already provided therefor and being paid pursuant to the terms of said decree; or that in said decree this court will construe said provision of said agreement and declare the respective rights and obligations of the parties thereunder, to the end that said controversy may be terminated and that the parties may be able to comply therewith in the event · such provisions are not eliminated or otherwise modified or construed or made more specific in their terms and the meaning thereof."

As justification for the declaratory judgment sought, the petition alleges that a "bona fide controversy exists between said parties with respect to the meaning, interpretation of and compliance with said above provision contained in said agreement."

■ The Court will not by virtue of that statute, section 156, Title 7, Code, advise the parties as to the meaning and effect of an instrument or a decree until there arises an actual controversy which is at present justiciable. Mitchell v. Hammond, 252 Ala. 81, 39 So.2d 582; Gambill v. Greenwood, 247 Ala. 149, 22 So.2d 903; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; Alabama Ice & Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So.2d 198. It is not sufficient that the parties anticipate that such justiciable controversy may arise. Saenger Theatres Corp. v. McDermott, 237 Ala. 489, 187 So. 460; Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851.

■ The only controversy which the petition shows has so far arisen in respect to the meaning of the decree heretofore rendered and the agreement adopted by the decree, is whether or not the proposed orthodontic treatments constitute an unforeseen need or emergency as contemplated by it. We are, as did the trial court, responding to that question and, therefore, there is no occasion for a further declaratory judgment. In respect to other situations which may arise, the Declaratory Judgments Act is not now available.

As will be noted from the quotation from appellant's petition, which we have set out above, it also seeks to have a modification of the agreed decree by eliminating certain words and changing others so as to make it more specific as to its meaning.

■ When the parties to a divorce enter into an agreement with respect to alimony and maintenance to be allowed by the decree, and when the decree of divorce adopts that agreement as a feature of it, the agreement thereby becomes merged in the decree. It ceases to operate as an agreement, but the decree is effective as any other decree which would contain those terms whether or not there was an agreement to that effect. Adams v. Adams, 229 Ala. 588, 159 So. 80; Russell v. Rus-

sell, 247 Ala. 284, 24 So.2d 124; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89. Other cases may be cited.

The logic of that situation is, as declared by those cases, that the court will not modify such agreed decree except on proof of changed conditions which justify the modification and only to the extent of such changed conditions.

Appellant's petition to modify the agreed decree in this case is not predicated upon changed conditions and, therefore, it has no standing in court to that extent. The result is the court properly denied relief to appellant as prayed for in said petition.

There is no error pointed out which serves to reverse the decree of the trial court. It is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.