**LIBERTY INDUSTRIAL SALES, INC.,**
Plaintiff-Appellee,

v.

**MARSHALL STEEL COMPANY,**
Defendant-Appellant.

No. 12711.

United States Court of Appeals
Seventh Circuit.

Dec. 15, 1959.

Charles L. Michod, Chicago, Ill., for appellant.

David A. Canel and Leonard A. Canel, Chicago, Ill., Jay A. Canel, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This is an action for a declaratory judgment by plaintiff (Liberty) against defendant (Marshall) asking 1) a declaration of the rights and duties of the parties to a written agreement dated March 1, 1950, and 2) a permanent injunction restraining defendant from selling its products to any one other than plaintiff in the states of California and Arizona.

At a pretrial conference it was stipulated that the issue of damages be segregated from the issue of liability. The facts were stipulated and briefs were submitted on the liability issue. The District Court entered judgment favorable to plaintiff and referred the issue of damages to a master.

Liberty is a distributor for eleven manufacturers in the state of California. Marshall is a manufacturer of tool steel with factory and principal place of business in Cook County, Illinois. The core of the dispute between Liberty and Marshall is over the legal effect of a two-page letter dated March 1, 1950, addressed to Liberty from Marshall, which is the contract or agreement referred to in this case. The letter was signed by Henderson, president of Marshall, and was accepted by Workman, president of Liberty. Both sides agree that the law of California, the principal place of performance of the contract, is controlling.

The contract provides: 1) Liberty shall not sell any product which is competitive with the Marshall line; 2) Liberty is to maintain a warehouse in the State of California; 3) Liberty is to maintain an inventory of not less than $2,500 of Marshall's goods. There is no claim that there was any violation of the three conditions mentioned.

Under the agreement, Liberty was to sell $10,000 worth of Marshall's products in 1951; $12,000 worth in 1952; $15,000 worth in 1953. Liberty also agreed to sell $15,000 worth of such products each year after January 1, 1954. There was a provision in the agreement that the contract could be canceled if Liberty failed to meet its quota. It is agreed that Liberty has met this quota. The agreement also provided that Liberty would receive a commission on all sales and that

Liberty was to be Marshall's exclusive manufacturers' agent in the territory of the state of California. On May 8, 1957, the territory was extended to include the state of Arizona.

Pursuant to the agreement, Liberty and Marshall did business with each other for a period in excess of seven years, and Marshall still is selling its products to Liberty. In 1957, Marshall attempted to terminate the agreement by writing letters to Liberty to that effect. This attempted termination has not been recognized by Liberty. It is the position of Liberty that Marshall cannot terminate the agreement as long as Liberty purchases products from Marshall in the amount of $15,000 per year.

Marshall contends the agreement is indefinite as to its duration and, therefore, may be terminated after a reasonable time and upon reasonable notice. Marshall claims such reasonable time has elapsed and that a proper and sufficient notice has been given. Marshall also contends the agreement should not be construed to impose an obligation in perpetuity. It also argues there is no mutuality of obligation. The District Court held against Marshall on each of these grounds.

In Noble v. Reid-Avery Co., 89 Cal. App. 75, 264 P. 341, plaintiff agreed to purchase from defendant a quantity of welding rods for resale. Defendant promised that as long as plaintiff did not sell similar rods or materials it would have the exclusive and sole right to sell defendant's materials. On appeal, defendant urged the contract was invalid because it lacked definiteness, certainty, and mutuality in that it could not be ascertained from the contract what period of time it was to refrain from transacting business in the exclusive territory. The Court said (264 P. at page 342): "Such provisions for the duration of the contract are sufficiently certain and valid. As a general proposition the failure of an executory contract to state a time presently definite for its termination does not render it void for uncertainty." The

Court held plaintiff was entitled to damages for breach of contract.

In Great Western Distillery Products, Inc. v. John A. Wathen Distillery Co., 10 Cal.2d 442, 74 P.2d 745, the parties agreed that as long as plaintiff purchased all of its requirements of warehouse receipts for whiskey from defendant, and as long as it sold and exploited the said warehouse receipts in California, and refrained from selling warehouse receipts from any other distillery, the defendant would not sell, in California, any of its warehouse receipts to any other person except one party in San Francisco.

Plaintiff purchased warehouse receipts and lived up to the terms of the contract. Defendant contended that the contract was for an indefinite time and, therefore, was terminable at the will of either party. The Court said (74 P.2d 747): "The failure to *specifically* limit the duration of the contract did not fatally affect it and did not give rise to a right to terminate the contract at will without a liability for damages. * * *" The Court cited with approval Noble v. Reid-Avery Co., supra.

Other California cases in accord are Long Beach Drug Co. v. United Drug Co., 13 Cal.2d 158, 165, 88 P.2d 698, 702, 89 P.2d 386; and Ravel v. Hubbard, 112 Cal.App.2d 255, 259, 246 P.2d 88, 90.

The California rule is stated in 12 Cal. Jur.2d, Contracts, § 108: "Although indefiniteness as to its duration may sometimes be an obstacle to the enforcement of a contract, in general, a contract is not fatally defective merely because it does not specify a time presently definite for its termination. Thus, when an agreement does not specify a definite term but provides its determination, in effect, so long as one party continues to perform or act in a certain manner, it is sufficiently certain."

We hold that in the instant case, under California law, the contract is definite and certain. The intention of the parties seems quite clear from the provision: "The agency agreement outlined above may be canceled by either party

upon a 30-day written notice provided quotas set forth in the fifth paragraph are not met." Here the parties performed the contract and each side lived up to its commitments from the time the contract was entered into in 1950 until December 31, 1957. The construction placed upon the instrument by the parties is persuasive.

The District Court was correct in holding that under California law the contract entered into between Liberty and Marshall is a definite, mutual and binding obligation.

Affirmed.