This is an appeal from a decree of the Circuit Court of Houston County, holding the estate of an ex-husband liable for periodic payments under a contract to his ex-wife. We affirm.
On April 1, 1964, Henry Flowers and his wife Evelyn Flowers entered into an agreement and property settlement, and on April 2 this agreement was confirmed by the court. By its terms, the wife waived, released and relinquished all claims and rights of every kind against her husband and his estate, including "property rights or rights of support, maintenance, alimony, dower or inheritance . . ." In consideration for this release the husband agreed, among other things, to pay his wife $250.00 per month on May 1, 1964, and a like amount on the 1st day of each succeeding month thereafter until the death or remarriage of the [wife] . . ." The agreement further provided that it
 ". . . shall become binding, conclusive and final as to both parties hereto, and their estates, their heirs, administrators, executors and assigns, and shall end this case and the Court shall not retain any further jurisdiction of this case for any later change at any later time, regardless of any change of circumstances of any kind which may occur between the parties."
Moreover, the parties intended to make this property settlement "regardless of whether the marriage stands or is dissolved by divorce."
On November 20, 1964, a final divorce decree was entered which incorporated by reference the April 1 agreement.
Until his death on November 11, 1965, the husband paid $250 a month to his wife. Since November, 1965, Quin Flowers, the administrator, has paid the periodic payments until June 1, 1975, a total of $28,500.
On May 13, 1975, the administrator filed a complaint seeking declaratory judgment and recovery of the $28,500 paid the wife since the husband's death. She, in turn, filed a motion to dismiss, subsequently withdrawn, and a motion to require the administrator to make the monthly payments. In her answer she asserted that the administrator's claim was barred by laches and by ratification of and acquiescence to the continued payments.
On January 6, 1976, the trial court held that it was the husband's intent to bind himself, his estate and his personal representative to pay the monthly sum until his wife remarried or died.
The administrator appeals this decree.
The question is whether or not an agreement by the husband to pay a monthly sum to his ex-wife is an agreement to pay alimony. The administrator argues that the monthly payments are periodic alimony and that, therefore, they cease at the death of the husband as would the duty to support. We hold that such payments are not alimony and must be paid by the administrator.
In order to characterize the agreement we look to the intention of the parties. The parties expressly agreed to exchange a monthly sum and a surrender of all rights against the husband, including, but not limited to, alimony. Alimony as such is mentioned only in reference to the rights that the wife exchanges. Words of agreement will be given their ordinary meaning. See Callen v. Callen, 257 Ala. 226, 58 So.2d 462
(1952). Where the language of the contract is unambiguous and but one reasonable construction of the contract is possible, the court must expound it as it is made by the parties. Scherfv. Renfroe, 266 Ala. 35, 93 So.2d 402 (1957). By this agreement the wife surrendered more than her alimony right and in return received more than the value of that right by virtue of the continuation of the periodic payments after the husband's death. By definition, alimony is not founded on a contract but on the husband's natural and *Page 858 
legal duty to support. Black's Law Dictionary 97 (rev. 4th ed. 1968). Here the parties have contracted for more than the duty to support. Since, at the time of the making of the agreement, the parties had not yet divorced, the wife surrendered her still viable right of dower, as well as her right to support.
A husband and wife may contract with each other but they are treated as standing in confidential relations. Tit. 34, § 74, Code of Alabama 1940 (Recomp. 1958). There is no question that the contract in this case is fair and valid. It was made without duress and the consideration was adequate. See Kirklandv. Kirkland, 236 Ala. 120, 181 So. 96 (1938). At the time of its making the wife was 59 and the husband 63 and they had been married 37 years. Both had adequate legal representation. The contract, prior to the administrator's action in 1975, had been honored for nearly 11 years.
Furthermore, the parties explicitly agreed that the payments would continue until the wife remarried or died while the agreement was binding as to both parties "and their estates, their heirs, administrators, executors and assigns . . ." For this clause to have any meaning as to the husband's estate, it must mean that it requires his estate to continue paying the wife until she dies or remarries. The fact that the husband has bound himself and his estate for such an indefinite period of time does not destroy the validity of the contract. Parties to a contract may either prescribe a fixed term for its duration or may make it depend on some prescribed contingency. PhenixCity v. Alabama Power Co., 239 Ala. 547, 195 So. 894 (1940). The parties could just as easily have made the payments contingent on the husband's dying. They chose not to do so. Courts cannot tamper with and change contract terms. Board ofSchool Commissioners v. Hudgens, 274 Ala. 647, 151 So.2d 247
(1963).
The administrator may prefer that agreements of this type fall into the pigeonhole of periodic alimony or alimony in gross. However, the parties here chose not to provide alimony. It is not the province of the court to make or remake a contract for the parties, but its duty is confined to the interpretation of a contract which they have made for themselves. Scherf v. Renfroe.
Where husband and wife make a valid and enforceable contract for periodic payment which is not alimony, the terms of the agreement control even when merged in a divorce decree. The right of the wife to receive payments after the husband's death is not affected by the intervening divorce decree which incorporates the former agreement. Annot., 147 A.L.R. 708 (1943). Since these payments are not alimony, the merger doctrine discussed in alimony cases such as Montgomery v.Montgomery, 275 Ala. 364, 155 So.2d 317 (1963) and Garlingtonv. Garlington, 246 Ala. 665, 22 So.2d 89 (1945), does not apply. Thus, the original agreement is controlling.
To hold otherwise would go against public policy. Agreement between spouses should be encouraged. Suits for divorce are not ordinary contract cases; the court is bound to act for the public which is, in effect, a third party, though the rights of the parties themselves must be fully respected. Hartigan v.Hartigan, 272 Ala. 67, 128 So.2d 725.
Freedom to contract is not dependent on who the parties are or what their relationship is to each other. Spouses are no less entitled to contract than business partners. By the very terms of the agreement, it is clear that the husband intended to bind himself, his estate and his personal representative to pay the monthly sum. He could not have made his wish more evident.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 859