This unusual military pay case is before the court on cross-motions for summary judgment. Plaintiff is claiming the defendant unlawfully withheld $5,850, the amount of back alimony and child support under an Alabama divorce decree, from his military salary and paid it to his ex-wife *654 pursuant to the Federal Garnishment of Wages Statute, 42 U.S.C. § 659 (1976), as amended by Pub. L. 95-30, § 501, 91 Stat. 157 (1977). The parties have briefed their positions and presented oral arguments to the court. After careful consideration of the briefs and the arguments presented, we find there are material questions of fact in dispute which preclude us from granting summary judgment for either party. On the materials now before us we cannot say whether or not the Circuit Court for the Tenth Judicial Circuit of Alabama had jurisdiction to enter the money judgment for alimony and child support involved herein, nor whether the legal process served on the United States on behalf of plaintiffs ex-wife was regular on its face.
There are material factual questions with relation to the following:
(1) Whether plaintiff was a resident (i.e., domiciliary) of the State of Alabama when Patricia K. Morton filed her divorce action in August 1974.
(2) Whether the Circuit Court for the Tenth Judicial Circuit of Alabama relied upon and merged the "Separation Agreement” dated September 15, 1973, by and between plaintiff and Patricia K. Morton, which provided
[a]ny decree entered in any action for divorce which may be requested by either party shall be agreed to by the other party and shall be consistent with the terms of this agreement and the court is requested to include this agreement in the decree
into the final divorce decree, dated August 14, 1975, when it granted the $500 per month alimony and child support award. It appears that under Alabama law the court could have merged the "Separation Agreement” into the divorce decree. If the Alabama court did so, plaintiff may now be precluded from complaining that the alimony and child support portion of the divorce decree is invalid for lack of proper service of process on the ground that he consented to the award of $500 per month alimony and child support under the terms of the agreement. Garlington v. Garlington, 246 Ala. 665, 22 So. 2d 89 (1945); Russell v. Russell, 247 Ala. 284, 24 So. 2d 124 (1945); Callen v. Callen, 257 Ala. 226, 58 So. 2d 462 (1952); Montgomery v. Montgomery, 275 Ala. 364, 155 So. 2d 317 (1963); See: D. H. Overmyer Co. v. Frick Co., 405 U.S. 174 (1972); Swarb v. Lennox, 405 U.S. 191 (1972).
*655 If the facts developed are not dispositive of this case (under (1) or (2) above), the trial division may proceed to examine defendant’s other arguments, including, if deemed applicable, the argument that the Circuit Court for the Tenth Judicial Circuit of Alabama had jurisdiction to enter the $500 per month alimony and child support award on the quasi in rem theory that plaintiffs salary is located in Alabama and plaintiff had sufficient "minimal contacts” under the rule set forth in Shaffer v. Heitner, 433 U.S. 186 (1977), to otherwise justify the Alabama Court’s exercise of jurisdiction over plaintiff with relation to the alimony and child support portion of the divorce decree. See also Kulko v. Superior Court of California, 436 U.S. 84 (1978).
Accordingly, both motions for summary judgment are denied, without prejudice to either party, and the case is returned to the trial division for further proceedings.