HOLMES, Judge.[1]
This is an insurance case.
The plaintiffs sued the defendant, claiming a certain sum of money was due them under a contract of hospitalization insurance. This contract was between Goodyear Tire and Rubber Company and the plaintiff-husband. The District Court of Eto-wah County entered a judgment for the plaintiffs. The defendant appeals and we affirm.
The case was tried on stipulated facts. These facts reveal the following:
The plaintiff-husband is an employee of the defendant. The defendant-company provides its own hospitalization insurance *130 for spouses of employees such as the plaintiff-wife.
The plaintiff-wife is a school teacher employed by the State of Alabama. The state makes available to teachers a certain sum of money annually that can be applied to premiums for hospitalization insurance. If the teacher elects not to take advantage of this insurance, the money so provided reverts to the state. In this instance, the plaintiff-wife could have “signed-up” and/or purchased the insurance which would have paid $80 per day of hospitalization. Such insurance could have been purchased at no out-of-pocket expense to her. The plaintiff-wife did not “sign-up” and/or purchase the insurance and was therefore not covered by other hospital insurance.
The plaintiff-wife became ill and was hospitalized for nine days. The defendant paid a portion of the hospital bill but denied liability as to the amount which would have been paid to the plaintiff-wife had she obtained the insurance available because of her employment as a teacher. In other words, the defendant refused to pay $80 per day of the hospital bill incurred by the plaintiff-wife.
The basis for the defendant’s partial denial of liability is its reliance upon a “coordination of benefits” clause contained in the contract of insurance. This clause is as follows:
If an Employee, the spouse of an Employee, or the dependent of an. Employee . . . is covered ... by another employer-sponsored group hospital, surgical, medical, dental or prescription drug program . . . the payment allowable . . . will be coordinated with the payments payable under such other group program.
The defendant, through able counsel, contends that the plaintiff-wife had a duty to avail herself of the insurance coverage available to her “free of charge.” It is the position of the defendant that it is liable only for the excess of the hospital bill over and above the amount which the plaintiff-wife’s insurance would have paid had she signed up and/or purchased the available insurance.
As indicated, we do not agree. The contract in question, as indicated above, clearly provides that there will be a coordination of benefits if the spouse of an employee is covered by another employer-sponsored insurance program. In this instance, the plaintiff-wife was not covered by such other insurance.
We note that where the terms of a contract are plain and unambiguous, there is no room for interpretation, and that parties thereto may stand upon the letter of the contract. Flowers v. Flowers, Ala., 334 So.2d 856 (1976); Reid v. Casey, Ala.Civ.App., 339 So.2d 79 (1976).
In this instance, there is no ambiguity in the coordination of benefits clause. Thus, we are required to give it its plain meaning. The record properly before the court does not reveal any authority which would place an affirmative duty upon the plaintiff-wife to “sign-up” and/or purchase any insurance under circumstances such as we have here.
The defendant is liable for the entire hospital bill because the plaintiff-wife was not covered by other employer-sponsored insurance.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Judge Holmes, although not sitting at or argument, listened to the tapes of oral argument.