BESCO, INC., as assignee of B & W Sales Co., Plaintiff-Appellant,

v.

ALPHA PORTLAND CEMENT CO., Defendant-Appellee.

No. 80–7114

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 18, 1980.

Keith, Keith & Keith, S. P. Keith, Birmingham, Ala., for plaintiff-appellant.

George G. Lynn, Birmingham, Ala., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

TATE, Circuit Judge:

Besco, Inc. originally sued Alpha in the Equity Division of an Alabama county court alleging the defendant's breaches of its contract to buy kiln dust from Alpha and praying for injunctive relief, enjoining the defendant "under the circumstances existing, from refusing to allow the plaintiff to load and purchase Kiln Dust under its agreement with the defendant." This diversity case was removed to federal court. The trial judge granted defendant's motion for partial summary judgment, holding the sales contract to be terminable at will with reasonable notice. After this court dismissed appeal of that non-final order, the district judge granted the defendant Alpha's motion for summary judgment, thus denying the plaintiff Besco injunctive relief, based on the previous holding of the terminability of the contract and on an additional finding that reasonable notice had been given. Because we find that the contract is not terminable at the will of either party, we reverse.

On appeal, the plaintiff urges error principally in the trial court's interpretation of this contract. The district court considered

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

the contract to be of indefinite duration and thus invoked Alabama law, Ala.U.C.C. § 7–2–309 (1965)[1] (taken verbatim from section 2–309 of the Uniform Commercial Code), to hold the contract terminable at will. The plaintiff maintains that the contract provides no occasion for resort to the Alabama statute, for the document itself establishes its duration by defining those events which would permit termination—i. e., the contract may not be terminated at any time by either party since it is "otherwise agreed," Ala.Code § 7–2–309(2), by the contract.

The contract in question was dated November 15, 1974 and provided initially that

ALPHA hereby gives to B & W SALES CO. [the plaintiff's assignor] an exclusive right to purchase KILN DUST for use as an agricultural soil sweetener, or as mineral filler for agricultural purposes as may result from ALPHA's manufacturing operations at the PLANT, provided that 20,000 tons of this material are sold annually. Otherwise the exclusive right is withdrawn but a non-exclusive right to purchase will continue.

Alpha was given the right to immediate termination, with five days written notice, upon the occurrence of certain special events:

A. If a Petition in Bankruptcy shall be filed by or against B & W SALES CO.

B. If B & W SALES CO. shall enter into a composition with his creditors.

C. If a receiver is appointed for B & W SALES CO.

D. Violation of Article II, Subsection B [the provision requiring B & W to buy its requirements for kiln dust in the Birmingham area from Alpha unless Alpha's supply is insufficient].

Aside from these special events allowing termination, the "Term and Termination" of the contract was set forth in the third section of the contract as follows:

A. The exclusive right to purchase given by ALPHA to B & W SALES CO. *shall remain open* and *shall not be withdrawable* by ALPHA except on default by B & W SALES CO. as hereinafter defined.

B. The option shall continue indefinitely, subject always to the right in ALPHA, on and after September 1, 1975, to give written notice of intention to withdraw the exclusive right to purchase 90 days after the date of the notice, and subject also to the right in B & W SALES CO. after September 1, 1975, to give written notice of his intention to cease purchases hereunder 90 days after the date of the notice. *The right of ALPHA to withdraw* the exclusive right to purchase for said agricultural purposes *shall be based solely on* (1) either the failure of B & W SALES CO. to dispose of at least 20,000 tons of this material annually or (2) upon the unavailability of the material due to its use in the cement manufacturing process at the ALPHA plant. (Emphasis added.)

We agree with the plaintiff that this language quite explicitly provides for the duration of the contract insofar as it binds Alpha.[2] Alpha is to be bound until 90 days

---

1. Ala.Code § 7–2–309. Absence of specific time provisions; notice of termination.

(1) The time for shipment or delivery or any other action under a contract if not provided in this article or agreed upon shall be a reasonable time.

(2) Where the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time but *unless otherwise agreed* may be terminated at any time by either party.

(3) Termination of a contract by one party except on the happening of an agreed event requires that reasonable notification be received by the other party and an agreement

dispensing with notification is invalid if its operation would be unconscionable. (Emphasis supplied.)

2. Alpha argues that the contract is actually a broad one for the purchase of kiln dust and that the exclusive purchase right is merely "one discrete aspect of the contractual relationship." This view is untenable; it is clear from the contractual language of the clause (quoted first in our opinion above) that any non-exclusive purchase rights, rather than forming the basic contract, come into being only under limited circumstances—i. e., if the purchaser defaults in the purchase of at least 20,000 tons of

after written notice of intent to withdraw and such notice may be predicated *only* upon one of the two events listed above. While the contract is of indefinite duration in one respect, since its length is not defined in units of time in such a manner that a termination date is clear from its inception, it may not "be terminated at any time by either party" because the parties have "otherwise agreed" to limit Alpha's termination rights in the manner clearly disclosed in the quoted provisions.[3] Ala.U.C.C. § 7–2–309. In view of these express contractual provisions, our result is not inconsistent with the jurisprudence disfavoring perpetual contracts cited by the defendant Alpha, to the effect that "the construction of a contract conferring indefinite duration is to be avoided *unless compelled by the unequivocal language of the contract.*" *Southern Bell v. Florida East Coast Ry. Co.,* 399 F.2d 854, 858 (5th Cir. 1968). (Emphasis supplied).

It is not contended that either of the contractual events occurred which would have justified Alpha in withdrawing from the contract upon ninety days notice. Nor is it contended that any of the events (A through D in the contract clause second-quoted above in our opinion) entitled Alpha to terminate the contract on five days notice under the contract terms. Alpha simply contends that as a matter of law the contract was terminable at will, as one of indefinite duration, despite the express contractual provisions to the contrary. This contention we reject, for the reasons stated above.

Since we find that the defendant was not entitled to summary judgment as a matter of law[4] we reverse the summary judgment

granted in its favor and remand for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

---

kiln dust and Alpha gives the required 90-day written notice.

**3.** Some courts reach this result by considering the contract which permits termination only under certain specified circumstances to be one of definite duration. See, e. g., *Liberty Industrial Sales, Inc. v. Marshall Steel Company,* 272 F.2d 605 (7th Cir. 1959), *Consolidated Laboratories, Inc. v. Shandon Scientific Co.,* 413 F.2d 208 (7th Cir. 1969). The Alabama Supreme Court has recognized this method of establishing the duration of a contract in *Flowers v.*

*Flowers,* 334 So.2d 856 (Ala.1976): "Parties to a contract may either prescribe a fixed term for its duration or may make it depend on some prescribed contingency." 334 So.2d at 858. See also 1 Anderson, Uniform Commercial Code, §§ 2–309.4, 2–309.6.

**4.** Any defense of non-mutuality of obligation (based on Besco's right to withdraw simply by giving 90 days' notice, whereas Alpha may withdraw upon notice only for specified causes) was not raised below and is not before us at this time.