SHORES, Justice.
George Rush, d/b/a Rush Engineers (Rush), appeals from summary judgment entered against him in this declaratory judgment action. This case was before us previously on a writ of mandamus. Ex parte Rush, 419 So.2d 1388 (Ala.1982).
Jacksonville State University (JSU) filed this action requesting the court to determine the ownership rights to money represented by a certificate of deposit issued by The First National Bank of Anniston (First National).
The following facts are undisputed: The parties entered into a contract on August 16, 1977, for the construction of a building at the University. Rush agreed to construct the building for the fixed sum of $865,740.53. Under the express terms of the contract and § 39-2-12, Ala.Code (1975), as it existed prior to amendment effective May 4, 1978, JSU withheld a ten percent retainage from payments due Rush for work completed and materials furnished until the value of the in-place construction reached fifty percent of the contract value. The total amount of retainage withheld was $36,042.73.
On June 2, 1978, JSU issued a check to Rush in the amount of $36,042.73, at his request. This money represented the re-tainage. That same day, First National issued a certificate of deposit in the same amount, made payable to JSU and Rush. This is the certificate in question. Thereafter, Rush allegedly defaulted on the contract and left the job. JSU made a claim against The Home Insurance Company (Home) as the surety of Rush’s performance bond. The claim was ultimately settled for $50,762.84. A clause of the settlement agreement between JSU and Home states:
“3. Except as otherwise expressly provided herein, the University and the Surety, for themselves, their agents, assigns and successors, hereby release and forever discharge the other from any and all claims, demands and causes of action arising out of the aforesaid Construction Contract, and Bonds, or otherwise, and whether arising- before or after the execution of this Agreement.”
Prior to the Home-JSU settlement, a petition of involuntary bankruptcy was filed against Rush by a number of his creditors. Home agreed to settle the claims made against Rush by his creditors. Rush agreed to the following assignment to Home as part of the consideration:
*11 “10. ASSIGNMENT AND TRANSFER OF CONTRACT FUNDS TO HOME “The parties agree to Rash’s assignment and transfer of contract funds to Home in the following manner:
“A. Subject to the provisions of this paragraph 10, Rush hereby assigns, transfers and conveys to Home the following:
“(1) Any and all right, title and interest, other than matured claims against subcontractors and suppliers which Rush may have in any contract bonded by Home and in which Rush was principal and Home was surety; and

“(4) Any and all right, title and interest which Rush may have in and to any and all sums due or arising out of any such contracts, subcontracts or purchase orders for materials and suppliers.”
Because the certificate represents the re-tainage withheld from the contract, JSU contends that Rush’s assignment to Home of all rights in and to “sums due or arising out of” the building contract as a matter of law included the retainage. Home, thereafter, relinquished to JSU any claim it had to the certificate of deposit by the JSU-Home settlement. Furthermore, it is undisputed that the fixed price of $865,740.53 has been paid to Rush for the building. Therefore, Rush has been paid all he was due on the contract. If Rush were to receive the certificate in addition, he would be overpaid according to the contract.
In opposition to these facts, Rush simply says that on June 2, 1978, he purchased the certificate with his own money. He does not deny that he received a check from JSU in the same amount, representing the re-tainage. Rush states in his affidavit that he agreed to maintain the funds for security for the completion of the construction. He contends that he completed the project in all material respects and that there remained only minor cleanup when he left, for which JSU was more than adequately compensated by Home. Furthermore, because the money came out of his own pocket, Rush argues that the certificate did not contract and was not included in the assignment to Home. He argues that JSU is, therefore, entitled to the certificate only if it can prove default and that default is a factual determination within the province of the jury. Therefore, his argument is that summary judgment was improper because the question of whether he defaulted or not presents a genuine issue of material fact. arise out of the
The trial court found on the undisputed facts that JSU had paid Rush, exclusive of the certificate, all that he was entitled to receive under the contract and that JSU had fulfilled its obligations and was the sole owner of the certificate.
We affirm.
JSU’s argument that the rights of the parties have been determined by the agreements and assignments contained therein is correct. The central issue is to determine what was included in Rush’s assignment to Home of “sums due and arising out of the contract.”
Absent evidence to the contrary, “the words of agreement will be given their ordinary meaning.” Flowers v. Flowers, 334 So.2d 856, 857 (Ala.1976). We look to our sister court in New Mexico for a general definition of “arising out of.”
“The words ‘arising out of’ are very broad, general and comprehensive terms, ordinarily understood to mean ‘originating from,’ ‘having its origin in,’ ‘growing out of’ or ‘flowing from.’ ”
Baca v. New Mexico State Highway Dept., 82 N.M. 689, 486 P.2d 625, 628 (1971).
Rush argues that “sums arising out of a contract” are synonymous with “proceeds” as defined by Article 9 of the Uniform Commercial Code. He suggests that proceeds are essentially accounts and contract rights. We agree that the broader definition offered by the Supreme Court of New Mexico is closer to the meaning most people would attribute to the phrase.
It is undisputed that the money evidenced by the certificate of deposit was the retainage provided for in the contract as security for the completion of the building. *12 The certifícate was given in direct exchange for the original retainage.
It makes no difference whether the certificate represents the original retainage or Rush’s own money as he claims. If it is the original retainage, it is by its very definition a “sum arising out of the contract.” Section 39-2-12, Ala.Code 1975 (amended May 4, 1978), defines retainage as:
“(3) RETAINAGE. That money belonging to the contractor which has been retained by the awarding authority conditioned on final completion and acceptance of all work in connection with a project or projects by the contractor.”
If the money was in fact from Rush’s own account, it was put up to replace the retain-age. Rush himself said that he obtained the certificate as security. It is obvious that if JSU had kept the retainage Rush would not have had to put up his own money. The money was to substitute for the retainage, and for all practical purposes was the retainage. We hold that the funds represented by the certificate are funds arising out of the building contract, and were assigned by Rush to JSU.
Rush does no more than deny in his affidavit an intention to include the certificate of deposit in the assignment set out in paragraph 10 of the Rush-Home settlement set out above. He states in his affidavit:
“[The assignment] was not intended by the parties to include any money that was in a bank account or certificate of deposit with a bank. These were not contract rights against project owners, these were contract rights against a bank. They were funds earned by affiant and belonging to affiant. They were not assigned to The Home Insurance Company.”
We have determined that the certificate of deposit arises out of the contract, and Rush’s subjective intent to not assign any contract rights he had against a bank is, therefore, irrelevant.
In order to defeat a motion for summary judgment, after the movant has carried the burden of showing that no genuine issue of material fact exists, the opponent must do more than show that a fact is disputed. He must show that a fact material to the resolution of the litigation is disputed. It is not enough to show that a fact which is immaterial to the cause is disputed. That is all Rush has done here.
In the Home-JSU settlement, Home released all' right and title it might have acquired to the certificate of deposit. That this is so is apparent from a letter, offered by JSU as evidence in support of its motion for summary judgment, in which Home explicitly stated it had no claim to the certificate. We affirm the trial court’s holding that JSU’s title to the certificate of deposit was cleared through the assignments in that Rush and Home released all right and title they may have had to it.
Accordingly, there is no fact issue to be tried, and the summary judgment was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.