SAM A. BEATTY, Retired Justice.
Angela Wilson Morgan Waller and Sam Monroe Morgan were divorced by the Laud-erdale Circuit Court on March 2, 1990. The judgment ratified a settlement agreement between the parties that provided, in pertinent part, as follows:
“The husband shall maintain a policy of health insurance covering each of the children of the marriage and shall further be hable to pay any sums not paid by said medical insurance for the medical expenses incurred by the children including but not limited to ... (e) dental expense [and] (f) orthodontic expense....
[[Image here]]
“... Any other items of personal property belonging to the parties shall become the sole property of the wife to the extent that they are not included upon the schedule of personal property attached hereto as Exhibit A.”
The trial court, in an ancillary proceeding, entered an order dated November 9, 1990, which provided the following:
“The father will not be financially responsible for any ELECTIVE ... dental services rendered to the children of the parties unless it be shown that the wife has obtained the prior consent and agreement of the father....”
In a later supplementary proceeding, a further agreement between the parties was incorporated into an order dated May 15, 1992, which provided in part as follows:
“The Husband shall not be responsible for elective ... orthodontics ... unless they are prescribed by a physician. However any such expense may be agreed to between the parties and paid by one or both of the parents in accordance with such agreement.
“Both parties acknowledge, however, that Dr. David Merritt, D.D.S., has already notified the parties that orthodontic work is necessary for both minor children and will need to begin at the appropriate time. Also, regular tooth cleanings and checkups will be the ex-husband’s ongoing responsibility as scheduled by Dr. Merritt.”
On September 23, 1993, the wife asked for a declaratory judgment, claiming that a jointly owned revenue refunding bond issued by the University of South Alabama in the amount of $70,000, which was not specifically mentioned in the settlement agreement ratified by the judgment of March 2, 1990, should be declared her property by virtue of the parties’ agreement. The wife also alleged that the husband was delinquent in regard to his obligation to pay specific medical expenses of the children. The husband counterclaimed.
Following a hearing, the trial court ordered that the revenue bond be redeemed and that the delinquent medical expenses be paid from the proceeds, with the sum remaining to be paid to the husband. The court also ordered that the cost of reasonably necessary orthodontic care for the minor children be paid by the husband and wife on a 50/50 basis. The wife appeals these rulings. We reverse and remand.
With respect to the ownership of the bond, the record reflects that the trial court made the following observations to the parties at the conclusion of the hearing on the declaratory judgment motion:
“[Biased on my experience in this case, I had assumed before I heard the evidence that neither of the parties have given any serious thought to the bond because had they been litigating over it, ... that would have precipitated a three- or a four-months’ struggle. So I assume that it has slipped through the cracks and the judgment in this case will be to award to the ex-husband the title to the bond in question since it came through his family.”
With deference to the distinguished and well-meaning trial judge, his speculation runs directly counter to the intent of the parties as expressed in their agreement ratified by the judgment dated March 2, 1990. Indeed, perhaps the parties gave no thought to litigating their rights to the bond earlier because of that agreement, or because the *837 bond itself had not been called for redemption, as it later was in September 1993, and hence there was no ready principal sum available before that date. In any ease, it is clear that the bond itself was personal property. The bond was, of course, evidence of a debt, and evidence of a debt is, by statutory definition, personal property. § 1 — 1—1(8), Ala.Code 1975. See also Wolf v. Wolf, 147 Ind.App. 251, 259 N.E.2d 89 (1970). The literal language of an agreement between parties is to be given its ordinary meaning when it is not ambiguous. Garrett v. Garrett, 521 So.2d 1337 (Ala.Civ.App.1988). After making an exception in the case of personal property belonging to G.F. Wilson Jewelry Company, the parties’ agreement here specifies clearly that any items of personal property not listed in Exhibit A thereto, which was a detailed list of the personal property to be conveyed to the husband, were to become the “sole property of the wife.”
Additionally, a well-established rule of statutory construction provides that when a statute specifies certain elements, it must be construed as excluding those elements not specified. Builders Transport, Inc. v. Jochum, 585 So.2d 52, 53 (Ala.Civ.App.1991). That principle is equally applicable to the interpretation of contractual language, so that the specific mention of certain items implies the exclusion of those items not mentioned. Ex parte Haponski, 395 So.2d 971, 972 (Ala.1981). Applying this well-established principle of construction, and noting that nothing in the facts suggests a different conclusion, we conclude that the omission of the bond from the specific itemization of personal property contained in Exhibit A to the parties’ agreement warrants the finding that the parties intended to exclude the bond from the items to be awarded to the husband. Thus, the trial court erred in holding otherwise.
The trial court also erred in determining that the husband and wife were to share equally the cost of future orthodontic care for their children. We pretermit discussion of whether this issue was properly before the trial court because it is clear that the parties’ prior agreements obligated the husband to pay these expenses, and the husband offered no evidence allowing any change in that obligation. See Callen v. Gallen, 257 Ala. 226, 58 So.2d 462 (1952); Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983). The March 2, 1990, judgment ratified the parties’ agreement that made the husband liable specifically for “orthodontic expense.” That judgment was amended on November 9, 1990, to exempt the husband from paying for “elective” dental services for the children. By a subsequent agreement incorporated into the order dated May 15, 1992, the husband was obliged to pay for prescribed orthodontics that, as the parties specifically acknowledged, had already been recommended by the children’s dentist. There having been no evidence before the trial court, nor any pleadings, raising the issue, the judgment requiring the wife to share in the orthodontic expenses was palpably erroneous.
Accordingly, the judgment is reversed, and the cause is remanded to the trial court for the entry of a judgment consistent with this opinion. It is so ordered.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.